15010

ELLENBURG v. McWHORTER *ET AL.*

(7 S. E. (2d), 68)

September, 1938.

*Messrs. Mann & Mann,* for appellants,

*Mr. Julien D. Wyatt,* for respondent,

February 6, 1940.

The opinion of the Court was delivered by Mr. Justice Baker.

The respondent brought his action in the Court of Common Pleas for Pickens County against appellants for the possession of 1.6 acres of land, alleging title thereto, and for damages for trespasses committed thereon. The appellants denied title in respondent, and alleged title in themselves, and pleaded in addition adverse possession for ten years and for twenty years.

In the trial of the case below, the established rule of law that one suing for land must recover on the strength of his title, and not on the weakness of the

title of his adversary, was practically ignored. However, soon after the appellants had entered upon the introduction of their testimony, and following the eliciting from their witness, T. D. Nolin, that respondent had purchased only such land as was indicated on a map made by one, C. M. Furman, a surveyor, and when the trial Judge stated, "I don't think there is any controversy about that part of it," appellants moved for a nonsuit, which was refused, but there is no exception to this ruling.

At the conclusion of all testimony, counsel for litigants agreed to submit the case to the jury without argument.

Under the charge of the presiding Judge, in which he limited the issue to be passed upon by the jury to what was the original boundary line between the Prater lands and the Arial lands, the jury found for respondent( plaintiff). (The Prater lands by successive deeds became McWhorter lands, and the land conveyed to respondent was a portion of the Arial lands.)

We find it unnecessary to pass upon Exceptions 1 and 2. Exceptions 3, 4 and 5 involve but one issue.

Was there any evidence as to adverse possession requiring the submission of this issue to the jury? If there was, it was error not to submit such issue to the jury, since as has been repeatedly held by this Court, the question of adverse possession is one for the jury.

Without previous intimation of his intentions, and shortly after commencing his charge to the jury, the trial Judge stated: "Now, I am not going to submit anything to you except what passed under the paper title, because there is not sufficient testimony here to confuse you as to whether either of these persons is holding by adverse possession or whether they are holding by any claim of title except under this chain of paper title, which has been introduced in the testimony."

It will therefore be seen that appellants were not given an opportunity of pointing out to the trial Judge the testi-

mony in the record tending to establish their claim of adverse possession.

When respondent received a deed for the land purchased by him, he went into possession of all land described in his deed, specific reference having been made therein to the plat of C. M. Furman. This plat showed the land in dispute as the property of appellants. At that time the disputed area had been cleared preparatory for cultivating, and was cultivated by appellants for two or more years prior to the commencement of this action without protest from respondent. Vel. D. McWhorter, one of appellants, testified he was 34 years old; that he had known the disputed strip of land all of his life, and that the McWhorter family had exercised possession and control over it all of his life; had cut wood off of it, brushes or anything that became necessary whenever they wanted to do so. There was other testimony along this line as to the use and possession of this strip of land by the appellants, and their ancestor, Mr. Lawrence McWhorter, the husband of Mrs. Rosa McWhorter, and the father of the remaining appellants. The record does not disclose the date of the death of said Lawrence McWhorter. Since this case must be sent back for a new trial, we refrain from discussing the testimony in any detail, but have carefully read the entire record.

Construing the testimony as to adverse possession most strongly in favor of appellants as we are compelled to do, since the action of the trial Judge was in effect a direction of verdict against the appellants as to this defense, we hold that there was sufficient testimony to make it necessary that the issue of adverse possession be submitted to the jury.

Reversed and remanded for a new trial.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES CARTER, and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.