## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Wallace Tyree

v.

Willie Carroll Harding,
John Crawford, and
Moose Lodge No. 1727

October 3, 1977

### By JUDGE WILLIAM W. SWEENEY

This case was heard before a jury and resulted in a verdict for the individual defendants, Harding and Crawford, and against Moose Lodge No. 1727. Briefs have been filed on the Lodge's motion to set aside the verdict or in the alternative to grant it a new trial. At the conclusion of the evidence, the Court stated that a qualified privilege existed which would require the plaintiff to prove malice. However, after considerable argument and discussion, the case was submitted to the jury without a qualified privilege instruction. The questions are whether defendants were entitled to a qualified privilege under the facts and circumstances and whether the verdict returned was inconsistent.

This case was submitted to the jury under the Virginia "insulting words" statute, Section 8-630. An action for insulting words under this Section is treated as an action for common-law slander or libel except no publication

is necessary. *Carwile* v. *Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954).

Without repeating all the facts, the statements alleged to have been insulting were made to the plaintiff by the defendant, Crawford, at the Moose Lodge on September 18, 1976. All parties were members of the Lodge. Crawford was President of the Lodge and had a duty to investigate circumstances where Lodge money was missing. Plaintiff was not an officer of the Lodge. The Lodge was a non-profit fraternal organization. Its property and assets were owned by all members of the Lodge.

The funds in question were receipts from a horse show which the Lodge was sponsoring. The plaintiff, Tyree, had worked at the horse show as a member of the Lodge on the day in question. At the time the alleged insulting statements were made, no one was present except Lodge members and the deputy sheriff who had been called to the scene. All statements were made at the Lodge building. Viewing the evidence most favorable to the plaintiff, the strongest statement made to the plaintiff was a question by Crawford when he asked the plaintiff, "Tell us what you did with the money, Wally?" This statement was made during the course of the investigation under circumstances which cast suspicion on the plaintiff.

The District Judge found probable cause that the plaintiff had committed a felony and certified the case to the grand jury. The grand jury, which did not hear all the evidence presented before the District Court, failed to indict. The Commonwealth's Attorney nol prosed the case and this civil action followed.

The general rule concerning communications between members of fraternal organizations is as follows.

> It is generally recognized that a qualified privilege attaches to statements and communications made in connection with various activities of such organizations as lodges, societies, labor unions, and professional associations. Thus, so long as they act without malice, and are not actuated by improper motives, officers and members of such bodies may, without liability for any resultant defamation report on the qualifications of applicants, comment on the

qualifications and activities of members, prefer charges against members or officers, offer testimony in support of the charges, properly publish disciplinary action that may be taken, comment on the qualifications of candidates for office of the organization, communicate with each other as to the preservation of funds and the plaintiff's control as financial secretary, and report on tension within the association and criticize governing officers. 50 Am. Jur. 2d "Libel and Slander" Section 206.

The Restatement view is as follows.

The common interest of members of religious, fraternal, charitable or other non-profit associations, whether incorporated or non-incorporated, is recognized as sufficient to support a privilege for communications among themselves concerning the qualifications of the officers and members and their participation in the activities of the society. This is true whether the defamatory matter relates to alleged misconduct of some other member which makes him undesirable for good members or the conduct of a prospective member. So to, the rule is applicable to the communications between members and officers of such an organization concerning the legitimate conduct of the activities for which it was organized. The rule, however, does not afford protection to communications made by a non-member to members of such an organization nor does it provide protection for communications made by a member to one who is neither a present nor a prospective member. *Restatement* "Torts" Section 596, 597, pp. 255-257.

"A communication, made in good faith on a subject matter in which the person communicating has as interest, or owes a duty, legal, moral, or social, is qualifiedly privileged if made to a person having a corresponding interest or duty." *Taylor* v. *Grace*, 166 Va. 138, 144, 184 S.E. 211, 213 (1936).

Plaintiff's counsel argues that the mere fact of common membership in a fraternal lodge confers no privilege. I agree. If one member walks up to another on a street and accuses him of a crime, the mere fact that each belongs to the same club affords no protection. But here the statements were made during the investigatory stage of the disappearance of funds at the Lodge under circumstances which cast suspicion, at least, in the plaintiff's direction. Technically, the plaintiff, as a member of the Lodge, had a direct interest in the recovery of the missing funds. Yet, plaintiff argues that the defendants liability should be measured as if the plaintiff had been a non-member who happened to be passing by the Lodge when the money disappeared. To subject officers of a Lodge to no more protection than that in investigating and initiating criminal charges would discourage the reporting of any crimes.

*Hayden* v. *Hasbrouck*, 84 A. 1087 (R.I. 1912), is a well reasoned opinion. In the presence of other members, the State President of a Womans Club accused a local president (the defendant) of stealing members' property from lockers and cloakrooms during club meetings. The statements, made to other members who had come to the defendant and sought her opinion, went far beyond any statements in the case at bar. In setting aside a jury verdict for the plaintiff, the appellate court ruled that a qualified privilege existed and that malice had not been proven.

The Court said:

> Unauthorized communications, which are actionable, carry with them the inference of malice; and the plaintiff without proof, can rely upon the presumption of malice which arises from the slanderous nature of the words. But in a privileged communication, the occasion repels the inference of malice and there arises a presumption of good faith which the plaintiff is required to satisfactorily rebut.

The above statement is in accord with the majority rule as stated in the annotation "Presumption and burden of proof as to malice when defamatory statement or writing

is made on an occasion of qualified privilege" 54 A.L.R. 1143. (Virginia is listed as a state which follows the majority.) I rule that the occasion was subject to a qualified privilege and that the plaintiff had the burden of proving malice.

The other question is whether a verdict can stand against the Lodge but in favor of the defendants, Willie Harding and John Crawford. Plaintiff meets this challenge by stating the general principle that a principal is responsible for the acts of its agents acting within the scope of their authority. Certainly this is true. But plaintiff had the option of suing the Lodge alone or joining individual defendants. He chose to join Harding and Crawford. Having joined them as individual defendants, the jury could not find against the Lodge alone since the Lodge is liable, if at all, because of the actions of its agents, Harding and Crawford. Liability against the Lodge could not arise from any other source under the facts of this case. While there is no need to speculate as to why the jury decided in favor of the individual defendants but against the Lodge, I agree with counsel for the defendant that the Lodge's liability was derivative only and that the jury verdict was inconsistent. See *Barnes* v. *Ashworth*, 154 Va. 218, 153 S.E.711 (1930); *Virginia State Fair* v. *Burton*, 182 Va. 365, 28 S.E.2d 716 (1944). A verdict in such form requires a new trial on all issues.

The only question remaining is whether a jury issue was presented as to whether the defendants abused their qualified privilege under the circumstances. This is a close question. See *Strode* v. *Clement*, 90 Va. 553, 19 S.E. 177 (1894). As counsel for defendant stated on page 5 of his brief, "in the absence of a material dispute as to facts, the question as to the existence of a privileged occasion is one of law for the court, but the question whether or not a conditionally privileged occasion was abused is usually held to be a question for the jury. . ."

For reasons stated, I grant the defendant's alternative motion for a new trial on all issues in accordance with the rulings expressed herein. The case will be submitted to the jury with a conditional privilege instruction. The question of abuse of that privilege under the circumstances will be for the jury.