## CIRCUIT COURT OF HENRICO COUNTY

Lois V. Lauterbach

    v.

O. M. West and Laura L. West, his wife,
and Arthur Mason Lauterbach, Sr.

October 9, 1979

Case No. 77-C-144

By JUDGE L. PAUL BYRNE

In the instant cause, the plaintiff, Lois V. Lauterbach, filed a Bill of Complaint on February 11, 1977, alleging certain facts with regard to the purchase of a certain parcel of real estate containing two acres by the defendant, O. M. West, and praying that the Court impose a resulting trust thereon and, further, praying for a partition of the southern one-half of said parcel to her and her former husband, Arthur Mason Lauterbach, Sr., a defendant herein. The defendants, O. M. West and wife, and Arthur Mason Lauterbach, Sr., filed a demurrer to said bill on March 4, 1977, on the ground that the bill was insufficient in law and that it failed to allege that the plaintiff prior to, or at the time of, the purchase of said land, paid the purchase price or assumed an obligation to pay the purchase price to the alleged Trustee or any other person. The Court heard the arguments on the demurrer on June 3, 1977, at the conclusion of which, it sustained the demurrer and allowed the plaintiff twenty-one days in which to plead over.

On June 24, 1977, the plaintiff filed her Amended Bill of Complaint within the period prescribed in the Court's Order and the defendants, on June 28, 1977, filed their demurrer to the Amended Bill on the same

ground set forth above. The defendants then filed a Motion for Summary Judgment on October 13, 1977.

The Court then heard arguments on the demurrer to the Amended Bill and the Motion for Summary Judgment on October 28, 1977. At the conclusion of the hearing the Court took the matter under advisement and established a briefing schedule to be completed by December 12, 1977, which by agreement of counsel was subsequently extended to January 2, 1978.

The Court has now had an opportunity to review the pleadings, the memoranda of law submitted by counsel and the cases cited therein, and is of the opinion that the demurrer should be overruled.

In disposing of the Motion for Summary Judgment filed by the defendants, a review of the pleadings indicates that no Answer has been filed by the defendants. Therefore, the parties are not at issue and the rule set forth by the Supreme Court in *Carwile* v. *Richmond Newspapers*, 196 Va. 1, pages 5 and 6 (1954), is dispositive of the defendants' motion. The Court is of the opinion that the Motion for Summary Judgment under the aforesaid rule is premature at this time. Accordingly, the Motion is denied.