CIRCUIT COURT OF FREDERICK COUNTY

William M. Evitt et al.

v.

Lake Holiday Country
Club, Inc., et al.

May 15, 1989

Case No. (Chancery) 87-222

By JUDGE ROBERT K. WOLTZ

This is a further decision in a suit by members of a nonstock property owners corporation against it and its subsidiary public utility stock corporation. The bill of complaint seeks access to records of the first corporation under Code § 13.1-933(B) and similar records of the utility corporation under § 13.1-771(B). The defendants have each now filed answer to the amended bill of complaint, and the parties are at issue. Various discovery has been had in considerable part involving the books and records sought to be disclosed.

Now the complainants move for summary judgment on the basis of Supreme Court Rule 2:21 which provides in pertinent part:

> [E]ither party may make a motion for summary judgment at any time after the parties are at issue. If it appears from the pleadings, the orders, if any, made at a pre-trial conference, the admissions, if any, in the proceedings . . . that the moving party is entitled to judgment, the court shall enter judgment in his favor . . . . Summary judgment shall not be entered if any material fact is genuinely in dispute . . . .

After consideration of the motion, partial review of the extensive pleadings and the exhibits filed, review of documents requested on discovery, and reading of the memoranda of law filed by the parties, the court is of the opinion that the motion should be sustained as to the nonstock corporation.

This is to say that considering the pleadings and the admissions and denials contained in the defensive pleadings and the exhibits and documents discovered together with the inferences which may be drawn from these items, the court is of opinion that there is no genuine dispute as to any material fact. This ruling is strongly influenced by the fact that the defendant is a nonstock corporation organized as a property owners association to promote the interest of its members, of whom the complainants formed a part, as to the lots they own in a large subdivision as well as their interest in the roads and amenities designed to serve those lots.

Before the statute was enacted on the subject in Virginia, the common law right of inspection of corporate records by stockholders was recognized. *Bank of Giles County v. Mason,* 199 Va. 176 (1957). By parity of reasoning, the right would exist in members of nonstock corporations. The statutes on the subject as to both stock and nonstock corporations are an implementation of the common law. Sections 13.1-771 and 13.1-933 are very nearly identical on the provisions for inspection of corporate records by stockholders and members respectively.

This nonstock corporation is not a commercial venture in the usual sense. In economic contemplation, it is not in competition as commercial stock corporations generally are. Its limited overall theoretical purpose is to benefit its members in the security and enjoyment of both the real property owned by them individually and other property and activities supportive of that security and enjoyment. Under these circumstances, it appears to the court that the defendant association cannot so readily defend on matters of improper motive and *mala fides* to the extent it could were the defendant a corporation engaged in a purely commercial competitive enterprise.

Requiring disclosure of records of nonstock, noncommercial corporations does carry the possibility of harassment

and the disruption of corporate administration. Injury by disclosure, however, is not so likely to occur to such a corporation as to a commercial enterprise in its competitive position involving financing, sales and marketing, negotiations for mergers and acquisitions, trade secrets, and other commercial and competitive matters. Though the statutes are virtually the same, the distinctions between the two types of corporations are sufficient to alter their respective applications to the issue of disclosure of corporate records. For these reasons, it appears to the court that the rules governing access to corporate records should be more liberally construed for the benefit of the complainant members.

The complainants have demonstrated on the basis of the pleadings and other factors mentioned above that they have good cause to obtain for their benefit and for the protection of themselves and the association generally the corporate records sought, that they have legitimate need for those records, and that they do not seek them for other than a proper purpose, even though proper purpose may result in some burden on the corporation in supplying the records, holding corporate officers and directors accountable or ousting management.

It is the court's considered opinion that to require evidentiary hearing on the propriety and necessity of inspection of the records sought to be inspected by the complainants would serve no useful purpose, but that on the state of the case as it exists now, such a hearing would be superfluous and the end result would be the same as there is no material fact genuinely in dispute. The purpose of summary judgment is to terminate litigation early where it is demonstrated that at the particular stage of litigation being considered, the movant is entitled to judgment without the time, effort, and difficulty required by further proceedings. *See Carwile v. Richmond Newspapers, Inc.,* 196 Va. 1 (1954).

A different conclusion is reached respecting the public utility stock corporation which is a subsidiary of the association corporation. On the basis of the complainants' allegations and requests for discovery of records of this stock corporation, discovery of some of those records has been allowed. This, however, is not tantamount to finding that this subsidiary is merely the alter ego

of the association corporation. That this may be true is supported in some measure by proceedings up to this time. Nevertheless, a different ruling is now required respecting the utility corporation for the simple reason that it appears to the court the material fact of whether the subsidiary is merely the alter ego of the parent is genuinely in dispute. Therefore, the motion for summary judgment is denied in this respect.