## CIRCUIT COURT OF ALBEMARLE COUNTY

Donna A. Marshall

    v.

Charles E. Frawner, Jr.

April 11, 1990

Case No. (Law) 4077

By JUDGE ROBERT K. WOLTZ

The issue for decision, posed by defendant's motion to transfer venue, is the appropriate forum of the several permissible for plaintiff's action for defamation, which plaintiff maintains is pitched both as a common law action and an action for insulting words under Code § 8.01-45. Action under this statute has been absorbed into the common law action for defamation, the only distinction being that no publication is necessary as an element under the statute. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954).

The facts have been represented by counsel and will not be repeated except where incidentally referred to. For the following, the motion to transfer is denied.

1. There is no "preferred venue" for this action under § 8.01-261. Thus resort is to be had to the permissible venue provisions of § 8.01-262. Based on the pleadings under that section, three venues are permissible: Henrico, where the defendant resides (subsection 1); and Richmond and Albemarle, where "the action or any part thereof, arose" (subsection 4), plaintiff's motion for judgment alleging publication of the defamation in both those venues.

2. The large majority of plaintiff's prospective witnesses live in Albemarle or nearby; a small number, presumably government officials to whom defendant's complaint containing the alleged defamation was made, live in or near Richmond; and the plaintiff resides in Albemarle. The defendant's prospective witnesses, apparently slightly fewer in number, all live in or near the Richmond-Henrico area. Furthermore, the defendant suffers from a sight deficiency which would tend to make travel inconvenient for him.

3. None of the permissible venues listed in subsection 1 through 8 of § 8.01-262 has by the terms of that statute any priority one over the other. In fact, the preamble to the statute states "one or more" of the forums listed "shall be permissible," without drawing any distinction as to which of multiple permissible forums may be "more" permissible than others.

4. On the face of the statute, defendant's residence is expressly a permissible venue; but the residence of the plaintiff is made a permissible venue in only two limited instances, subsections 5(c) and 10, neither of which is applicable in this proceeding.

5. Transfer of venue provided for in § 8.01-265 permits the court to transfer or retain venue "for good cause shown." Good cause absent agreement of the parties, is expressly stated to include but not limited to "the avoidance of substantial inconvenience to the parties or the witnesses."

Section 8.01-262 as applied to this case presents the plaintiff a choice from among three permissible venues. This statutory prerogative, and one not unknown to the common law, is possibly given, one may surmise, because among the burdens borne by a plaintiff are those of instituting and prosecuting an action. The intent of the statute to give plaintiff a choice among forums is substantiated by the Revisors' Note to the section: "The provision that 'one or more' of the forums listed in subsections 1 through 9 are permissible gives the plaintiff the choice of the forums enumerated."

Therefore, in my view where the plaintiff has a choice from among appropriate venues and exercises his prerogatives by instituting action in one of them, prima facie, that choice will be acceptable. Should the defendant

seek a change to some other venue, the general rule is that the burden of proof is on him to establish facts justifying the change. Annot. 74 A.L.R. 16, 29 (1960); *see also*, 77 Am. Jur. 2d *Venue*, § 79. In short, the burden is on the defendant to establish the "good cause" necessary for transfer mentioned in § 8.01-265.

Whether to change venue is addressed to the discretion of the court. *Id.*, § 83. I find that there is little, if any, more inconvenience to either one of the parties and their witnesses than to the other as a result of retaining or transferring venue as the case may be. The fact one or more government employees headquartered in Richmond may be required to come to this court to testify is, compared to plaintiff's statutory right to choose venue, relatively insubstantial without a showing the wheels of public administration would be unduly interfered with to the palpable injury to the common weal. In the absence of such injury, being in government service should not distinguish a witness' inconvenience from any other witness.

The defendant not having borne the burden of justifying a change of venue, his motion to do so is denied.