# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Deborah Goode

v.

Thomas Goode,
Cynthia Mann,
and Hodges Mann

December 18, 1992

Case No. CL92–164

BY JUDGE WILLIAM H. LEDBETTER, JR.

One of the defendants, Hodges Mann, has filed a demurrer and a motion for summary judgment on which a hearing was held on December 11, 1992. This opinion addresses the issues raised in those pleadings.

### Factual Background

Deborah Goode (the plaintiff), Thomas Goode, Cynthia Mann and Hodges Mann (the defendants) are the shareholders of Star Telecommunications, Inc., a Virginia corporation. At least until October 11, 1991, they also were the directors of the corporation. Each of the parties owns 25% of the stock of the corporation.[1] Mr. and Mrs.

---

[1] Actually, it is not clear whether each person owns 25% of the stock or whether each couple jointly owns 50% of the stock. The parties seem to assume that each

Goode are married to one another. Mr. and Mrs. Mann are married to one another.

In the summer of 1991, Mr. and Mrs. Goode experienced marital difficulties that led to their separation. On October 3, 1991, corporate counsel gave notice of a meeting for October 11, 1991, the stated purpose of which was to remove Mrs. Goode from her position with the corporation. (Mrs. Mann also was to be removed in order to "equalize" the situation.) It was explained that the action was deemed necessary because of the bitterness associated with the Goodes' estrangement that by then had blossomed into litigation in Stafford County.

On the appointed day, the four parties met at the office of corporate counsel. The corporate attorney and Mrs. Goode's divorce attorney were also present. A vote was taken to remove Mrs. Goode and Mrs. Mann as directors of the corporation. Mr. and Mrs. Mann voted in favor of the motion, Mrs. Goode voted against the motion, and Mr. Goode abstained. Mrs. Goode objected to her removal.

According to Mrs. Goode, the directors and officers thereafter embarked on a course of conduct that included self-dealing, termination of Mrs. Goode's compensation and other benefits, waste, improper transfers of corporate assets, fraud, and mismanagement. She brought this suit to recover for damages she has sustained as a result of those alleged actions.

### Removal of Mrs. Goode as Corporate Director

Mrs. Goode claims that her removal was the product of a wrongful agreement, or conspiracy, among her estranged husband and the Manns to divest her of involvement in the business affairs of the corporation, without cause. She also contends that her removal was not valid because of a lack of majority vote. Mr. Mann, in his demurrer and motion for summary judgment, says, in essence, that it does not matter whether there was a prior agreement to remove her or that no cause existed to remove her because she has no vested right to serve on the board, and, therefore, she or any other director may be removed without cause at any time. Mr. Mann also rejects Mrs. Goode's argument that the vote count fell short of a majority.

The first step of an analysis of this dispute is to determine the nature of the October 11, 1991, meeting. according to the record, the

owns 25%; and so the Court will proceed on that assumption. The distinction makes no difference in disposing of the issues under consideration.

notice called for a meeting of the board of directors. Corporate counsel wrote a letter to Mrs. Goode's divorce attorney informing him of "a directors' meeting." The transcript of the meeting is entitled meeting of "stockholders and board of directors." At the beginning of the meeting, Mrs. Goode's divorce attorney asked what kind of meeting was being held. Mr. Goode said, "This is a stockholders' meeting." When Mrs. Goode's divorce attorney pointed out that the notice was for a directors' meeting, Mr. Mann interjected, "It's a directors' meeting." The point was never clarified.

For the reasons explained below, the court is of the opinion that the meeting, in reality, was both a meeting of the shareholders *and* a meeting of the directors, jointly, for the special purposes stated in the notice. All shareholders and all directors (being the same people, of course) were present, all of them participated, all of them were aware of the purpose for which the meeting was called, and all of them voted (except Mr. Goode, who abstained) on the action taken at the meeting. Mrs. Goode's protest of the vote count - i.e., the *result* of the action taken - was not an objection to the meeting itself, as contemplated for purposes of Virginia Code § 13.1–659(B) or § 13.1–687(B).

At common law, shareholders of a corporation could remove directors but only for cause. 4B M.J., *Corporations*, § 156. Under Virginia statute, the shareholders' right to remove directors has been expanded so that the right may be exercised with or without cause. Virginia Code § 13.1–680.

Directors of stock corporations have no authority to remove fellow directors. The bylaw of Star Telecommunications (Article III Section 9) that allows removal of a director for cause "by action of *the board*" is inconsistent with law and, thus, a nullity. See § 13.1–624, *§ 13.1–680(A)*.

As we have seen, the persons in attendance at the meeting owned all the outstanding stock of the corporation. They attended the meeting fully informed of its purpose, and they participated from beginning to end. Because the business being conducted required action of shareholders rather than directors, for the reasons explained above, their vote was a vote of shareholders.

To hold otherwise would elevate form over substance and would invite ridiculous results in closely-held corporations. Where a small group of people own all the stock and serve as officers and directors and attend a meeting fully informed of the agenda, it would be ab-

surd to predicate the validity of their votes on whether the meeting was properly labelled and whether each vote was accurately identified as an action of the "shareholders," "directors," or whatever. So long as they are all the same people and were not surprised by the actions taken, what real difference does it make what hat they may have thought they were wearing at the time a vote was taken? Technical barriers to the conduct of business of closely-held corporations is at odds with the purpose and scheme of the Virginia Stock Corporation Act and its forebear, the Model Business Corporation Act.

Therefore, the court holds that the action taken at the meeting on October 11, 1991, to remove Mrs. Goode from the board of directors was an action taken by shareholders, all of whom were present and participating with advance knowledge of the meeting's purpose. Because shareholders may remove directors at will pursuant to statute and the corporation bylaws, the action was appropriate without the need to show just cause.

Most of the parties' arguments about the vote tally (two in favor of removal, one opposed, one abstention) misses the point. Shareholders do not vote per capita. Each outstanding share is entitled to one vote on each matter voted on (with some exceptions not pertinent here). Virginia Code § 13.1–662(A), § 13.1–666(A). It follows that the actual vote count on the motion to remove Mrs. Goode (and Mrs. Mann) was: 100 total shares outstanding, all represented at the meeting; 50 shares for the motion; 25 shares opposed to the motion; and 25 shares abstaining.

Fifty out of one hundred shares is not a majority. However, only seventy-five shares were voted. If, as here, a quorum exists, an action is approved if the votes cast favoring the action exceed the votes case opposing the action. Virginia Code § 13.1–666(C). In this case, the 50 shares voted in favor of removal clearly exceeded the 25 votes cast opposing the removal. Hence, the motion carried and the action was approved. Mrs. Goode and Mrs. Mann were properly removed from the board of directors by a vote of the shareholders.

For these reasons, Mr. Mann's demurrer and motion must be sustained as to Counts I-IV of the motion for judgment, all of which set forth a different but related theory of recovery for wrongful removal. In a nutshell, it does not matter that the other shareholders discussed and agreed beforehand that Mrs. Goode should be removed; no "deceptive voting practices" or fraud were involved as a matter of law; the shareholders did not breach a duty to Mrs. Goode in removing

her as a director; and the possibility that a "less harmful course of action" may have been available is immaterial. Regardless of the truth of the allegations set forth in counts I - IV, no cause of action has been stated for which monetary damages may be recovered.

### Mismanagement and Misuse of Corporate Assets

In Count V of the motion for judgment, Mrs. Goode alleges that the officers and directors have wrongfully distributed corporate assets, paid excessive salaries, and otherwise mismanaged the corporation.

In his motion for summary judgment, Mr. Mann attempts to show that these allegations are patently false by attaching to his motion various ledger sheets, affidavits, and other papers. On a motion for summary judgment or partial summary judgment, the court cannot entertain this attempt to unilaterally inject evidentiary matters into the record. Motions for summary judgment may be considered if it appears from the *pleadings*, the *orders*, the *admissions*, or *stipulated evidence* that there are no material facts genuinely in dispute. Rule 3:18. This rule authorizes a trial court to bring litigation to an early conclusion when it clearly appears that no trial is necessary because no evidence, or additional evidence, would affect the result. The procedure does not substitute a new method of trial where an issue of fact exists. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954). In Virginia, such motions are *not* considered on the basis of affidavits or on the basis of documents submitted by the moving party as if they were exhibits offered at trial, unless all parties expressly agree to proceed in that fashion.

Here, Count V alleges facts that sufficiently state a cause of action. These facts are in dispute. Nothing properly in the record, at least at this juncture, negates them. Mrs. Goode cannot be denied the opportunity to have these allegations fully heard and adjudicated despite Mr. Mann's claims that they are false.

Accordingly, Mr. Mann's demurrer and motion as to Count V will be denied.

### Remaining Counts

At the hearing on the demurrer and motion for summary judgment, Mr. Mann conceded that material facts alleged in Count VI and VII of the motion for judgment are genuinely in dispute, and he abandoned his efforts to have those claims dismissed without a trial.

*Conclusion*

Mrs. Goode has stated no cause of action for which she would be entitled to recover monetary damages on account of her removal from the board of directors. Her other claims must be adjudicated.