## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

David Grogg
and Danette Grogg

v.

Massey & Leonard Const., Inc.

August 13, 1996

Case No. CL95-079

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue in this case is the commencement date for the period of limitations for implied warranties on new homes under Virginia Code § 55-70.1.

### Summary of Facts

According to their motion for judgment, the Groggs purchased a new home from Massey & Leonard, a building contractor, on September 15, 1992. They prepared a list of "problems and deficiencies" for Massey & Leonard to correct, but the work was not done. On March 26, 1993, they sent a demand letter. Nevertheless, the defects were not corrected. On February 17, 1995, the Groggs instituted this action to recover damages for the defective and incomplete work. The basis of the claim is breach of the implied warranty provided in § 55-70.1.

Massey & Leonard filed grounds of defense and a counterclaim. Among other things, it asserted that the claim is barred by the statute of limitations.

On June 24, 1996, Massey & Leonard gave notice that it would argue for summary judgment on July 15, 1996. In its motion, it alleged that the Groggs' claim is barred by the statute of limitations. The Groggs did not appear at the hearing. After hearing argument of counsel for Massey &

Leonard, the court granted summary judgment, and an order was entered on July 16, 1996.

Thereafter, the Groggs filed a motion to vacate the summary judgment order on the ground that they never received notice of the July 15th hearing. Counsel for the parties appeared on August 6, 1996. The court reheard arguments on the merits of Massey & Leonard's motion, entered an order vacating the summary judgment, and took the matter under advisement so that the merits of the motion for summary judgment could be re-evaluated.

## Decision

The Groggs' claim is on the implied warranty provided to them by § 55-70.1. The applicable period of limitation is two years. Virginia Code § 55-70.1(E). The real issue concerns the date on which the period of limitation began to run. Two years from that date, the Groggs' right of action under § 55-70.1 was barred.

Massey & Leonard argues that the period is calculated from the date on which the Groggs went to settlement. Thus, it contends, the statute ran on September 15, 1994, more than five months before this action was instituted. The Groggs argue that the period of limitation did not begin to run until the warranty was breached, and the court cannot determine the date of breach at this stage of the litigation.

It is well settled that the statute of limitation begins to run when the cause of action accrues. In a contract case, the cause of action "shall be deemed to accrue . . . when the breach of contract occurs . . . and not when the resulting damage is discovered." Virginia Code § 8.01-230. (The General Assembly has provided some exceptions to the rule in certain types of cases not applicable here.) Therefore, in the case at bar, the time of discovery of the damage is wholly irrelevant to accrual of the cause of action.

Further, it is clear that the expiration date of the warranty is not the commencement date of the running of the period of limitation. A warranty period is not a limitation governing the assertion of a right of action; rather, it defines the period within which a cause of action for breach of warranty may accrue. The warranty period circumscribes the interval of time within which the warranty exists. If a breach occurs before the warranty expires, a cause of action accrues. Statutes of limitation, on the other hand, bar a right of action. The two may occur at the same time but will not necessarily do so. See, *Harbour Gate Owners' Ass'n v. Berg*, 232 Va.

98 (1986); *Dunn v. Housing Warranty Corp.*, Spotsylvania County Cir. Ct. # L90-448 Op. Letter 8/1/91.[1]

Both the warranty period and the period of limitation with respect to implied warranties on new homes are governed by the statute that creates the warranties, § 55-70.1.

In every sale of a new dwelling, the seller, if he is in the business of building or selling homes, is held to warrant to the purchaser that the dwelling and its fixtures are free from structural defects, constructed in a workmanlike manner, and fit for habitation. Virginia Code §§ 55-70.1(B).

The warranties created by the statute extend for one year, or, in the case of foundations, for five years, from the date of transfer of title or the purchaser's taking possession, whichever first occurs. Virginia Code § 55-70.1(E).

In this case, the parties agree that the warranty period began on September 15, 1992, when title was transferred. They also agree that Massey & Leonard is a home builder, so it is held to have made the warranties set out in subsection B of the statute.

It is important to note that this is an action *ex contractu*, not an action seeking recovery for personal injuries or property damage. The period of limitations begins to run when the contract, in other words, the warranty, is breached. The warranty is deemed by law to have been made on September 15, 1992. It is obvious from the allegations in the Groggs' motion for judgment that the "problems and deficiencies" about which they complain existed on September 15, 1992. Therefore, the warranty was breached on that date. It follows that their cause of action accrued on that date, and their right of action was time-barred on September 15, 1994.

Summary judgment lies when there are no material facts genuinely in dispute. Rule 3:18. The purpose of the rule is to provide trial courts with authority to bring litigation to an end at an early stage when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out. It provides for a conclusion in those cases that cannot be reached by demurrer in which the only dispute concerns a pure question of law. It applies in cases in which no trial is necessary because no evidence could affect the result. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954).

This is such a case. Clearly, the deficiencies in the Groggs' home existed on the day they took title. The nature and extent of the implied

---

[1] This opinion is printed below at page 569. [Reporter's Note]

warranties upon which their case is based are governed by statute. The period of limitation is purely a question of law, and its application to this claim is a matter of law. There are no material facts genuinely in dispute.

Accordingly, summary judgment will be granted again in favor of Massey & Leonard.