## CIRCUIT COURT OF THE CITY OF RICHMOND

Kevin Johnson

v.

Richmond Newspapers, Inc., et al.

December 13, 1996

Case No. LB-715-4

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on demurrer to the amended motion for judgment. The court has considered the various briefs filed by the parties and will now rule as set out below.

On May 14, 1995, the *Richmond Times-Dispatch* newspaper printed an article entitled "M Building: Beyond Belief — Prison Within Prison Called Hellhole of Cruel, Unusual Punishment." Within the text of the article, references were made to an unnamed former inmate of M Building of the Powhatan Correctional Center. The article described an incident in which the former inmate removed the toilet/sink unit from the wall and floor where it was secured, and suspended it above the cell with a piece of cloth. The inmate then used the object as a weapon, swinging it at anyone who entered the cell and breaking wire mesh off the bars. The article also said that the inmate had since been moved to the Mecklenburg Correctional Center and described the new resident of the cell involved in the incident.

Plaintiff, Kevin Johnson, has filed this action claiming that the article is defamatory. Plaintiff claims that he is the former resident of the cell, that there was an incident involving the toilet in his cell, but that the article was inaccurate. In his original motion for judgment, plaintiff claimed harm to his reputation. Defendants filed a demurrer and motion for summary judgment. In an apparent effort to avoid defendants' argument that plaintiff's reputation was such that it could not be harmed by the article in question, plaintiff amended his motion for judgment to remove his claim for reputational harm, and now claims to have suffered "frustration, em-

barrassment, and personal distress." Defendants, Richmond Newspapers, Inc., the corporation which publishes the *Richmond Times-Dispatch*, and Frank Green, the author of the article, argue that plaintiff's pleadings are fatally defective because they do not allege damage to plaintiff's reputation, but only to his emotional state. Defendants argue that an allegation of injury to reputation is a necessary element of a claim under either common law libel or the insulting words statute, Va. Code § 8.01-45, the two causes of action which plaintiff seeks to pursue.

"[D]efamation is an invasion of the interest in reputation and good name." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 111, at 771 (5th ed. 1984). This famous treatise goes on to recognize that, within an action for defamation, recovery for emotional injury may be obtained, but such damages are not the focus of the lawsuit. *Id.* Others writing on the subject have taken a similar view. *See, e.g.,* Slack and Baron, Libel, Slander, and Related Problems 69 (2d ed. 1994). Definitions of the term "defamation" invariably include reputational injury. *See, e.g., Black's Law Dictionary* 417 (6th ed. 1990). The Restatement defines defamatory communication as that which "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts § 559.

The Supreme Court of Virginia, in a discussion concerning the interest underlying actions for defamation, wrote that "[t]he individual's right to personal security includes his uninterrupted entitlement to enjoy his reputation." *Gazette, Inc. v. Harris*, 229 Va. 1, 7, 325 S.E.2d 713 (1985). The court has not, however, addressed the question raised by the case at bar: Is an allegation of reputational harm a necessary element in pleading a defamation action? The court concludes that it is.

Plaintiff relies, in large part, on a decision from the United States Supreme Court in *Time, Inc. v. Firestone*, 424 U.S. 448 (1976). In that case, the Court observed that the State of Florida does not require an allegation of reputational harm for the maintenance of a defamation action. *Id.* at 460. This was not, however, a statement by the Supreme Court about the necessary elements of defamation claims generally. Rather, the Court's statement concerned only the law of Florida.

Other jurisdictions have expressly chosen to require an allegation of reputational harm in a defamation action. *E.g., Little Rock Newspapers v. Dodrill,* 660 S.W.2d 933, 935 (Ark. 1983) ("[I]njury to the reputation is a prerequisite to making out a case of defamation and an action lacking that

claim becomes another cause of action."); *Gobin v. Globe Publishing. Co.,* 649 P.2d 1239, 1242-43 (Kan. 1982) ("Unless injury to reputation is shown, plaintiff has not established a valid claim for defamation . . . . It is reputation which is defamed, reputation which is injured, reputation which is protected by the laws of libel and slander."); *Cox v. Hatch,* 761 P.2d 556 (Utah 1988) ("The tort of defamation protects only reputation. A publication is not defamatory simply because it is nettlesome or embarrassing to a plaintiff . . . ."); *Richie v. Paramount Pictures Corp.,* 544 N.W.2d 21, 28 (Minn. 1996) ("Minnesota law imposes a reputational harm prerequisite in defamation actions . . . ."). This Court believes that these latter cases, and not the Florida case, are more consistent with Virginia law.

Since *Time, Inc. v. Firestone* was a statement of Florida law, it is important to examine the law of Florida in other areas of speech. For example, Florida recognizes an action for "false light;" that is, the publication of facts concerning a person, even if the facts themselves are not defamatory, which places the plaintiff in a "false light" in the public eye. *Forsberg v. Housing Auth.,* 455 So. 2d 373 (Fla. 1984) (Overton, J., specially concurring). Virginia does not. *Falwell v. Penthouse Int'l,* 521 F. Supp. 1204 (W.D. Va. 1981). Florida recognizes a "privacy tort" permitting recovery for the publication of private facts. *Cape Publications, Inc. v. Hitchner,* 549 So. 2d 1374 (Fla.), *appeal dismissed,* 493 U.S. 929 (1989). Virginia does not. *Brown v. American Broadcasting Co.,* 704 F.2d 1296 (4th Cir. 1983). These two examples by themselves show that, at least when it comes to the actionability of words, Florida allows for recovery based on a wide range of circumstances. This is not the law of Virginia.

In announcing the rule in *Richie v. Paramount Pictures Corp., supra,* the Minnesota court compared Minnesota's laws in the area of "speech" torts with those of Florida. In addition to Minnesota's historical rejection of invasion of privacy torts, the court reaffirmed its policy of exercising caution in recognizing claims and causes of action involving only emotional distress. The reasoning used by the Minnesota court is exactly the same as that found in Virginia. *See Ruth v. Fletcher,* 237 Va. 366, 372-73, 377 S.E.2d 611 (1989) (stating that emotional injury torts are "not favored" in the law). Accordingly, this court concludes that Virginia, like Minnesota and the other jurisdictions cited above, also requires an allegation of reputational harm in an action for common law libel. And since under Virginia law, with only a few exceptions not relevant here, actions for common law libel and actions under the insulting words statute are treated alike, (*see Carwile v. Richmond Newspapers,* 196 Va. 1, 82 S.E.2d

588 (1954)), the requirement of an allegation of reputational harm exists under either cause of action.

Plaintiff has not pleaded a case for emotional distress, choosing instead to base his claim on defamation. He must satisfy the requirements of such a claim. By leaving out an allegation that his reputation has been damaged, he has failed to do so. Therefore, the demurrer will be sustained. Since plaintiff has already amended his motion for judgment to remove his claim for harm to reputation, no further amendment will be allowed.