## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Leo C. Rigsby et al.

v.

Lee's Hill Partnership

August 27, 1999

Case No. CL98-062

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this fraud case, the defendant land developer moves for summary judgment on the basis of the plaintiffs' responses to requests for admissions.

### Facts

According to the pleadings, the plaintiffs (Rigsbys) purchased a house in Lee's Hill Subdivision on June 18, 1992. Prior to doing so, they met with an employee and agent of the defendant, developer of Lee's Hill, who told them that the subdivision was a "planned community" to be developed as a "village concept"; that Gunston Road (the street on which the Rigsbys' lot is located) would be a dead end street; and that a specified portion of the development would remain undeveloped as "green space." Representatives of the developer also showed the Rigsbys promotional materials and maps that displayed a cul-de-sac at the end of Gunston Road. In addition, the Rigsbys relied upon advertising materials disseminated for the developer that referred to "green space" and the "village concept."

In 1994, the Rigsbys learned that Gunston Road would be extended and a new section, known as "The Towns of Grandstaff," would be developed. The Rigsbys complained to an official of Lee's Hill. The official told them that the developer never had any intention of leaving the area beyond the Gunston Road cul-de-sac undeveloped and had always intended to extend Gunston Road to provide access for further development. He showed them

plats and maps to support his assertion. Those plats and maps were inconsistent with the promotional material shown to the Rigsbys in 1992.

As a consequence of Lee's Hill's development activity at the end of Gunston Road, the Rigsbys instituted this action for damages, based on allegations of actual and constructive fraud.[1]

Lee's Hill answered, denying the claim. Thereafter, Lee's Hill propounded twenty-two requests for admissions. The Rigsbys responded. This motion for summary judgment followed.

In their answers to the requests for admissions, the Rigsbys admit that no employee or agent of Lee's Hill personally made any representation to them, prior to their purchase, relating to the terminating point of Gunston Road or the amount of green space in the development.

### Decision

In its motion for summary judgment, Lee's Hill contends, in essence, that the Rigsbys' admission that no one at Lee's Hill *personally* made misrepresentations to them bars their claim. This argument is without merit, at least at this juncture.

The Rigsbys' motion for judgment does indeed contain allegations regarding misrepresentations made to them personally by employees and agents of Lee's Hill, as well as allegations concerning misrepresentations contained in plans, maps, promotional materials, and advertising distributed by Lee's Hill. As a result of their responses to the requests for admissions, it is obvious that the Rigsbys are abandoning their claim with respect to misrepresentations personally made to them by Lee's Hill personnel. However, it is also obvious that they have not abandoned their claim that they were defrauded by misrepresentations contained in materials furnished to them by Lee's Hill or distributed generally by Lee's Hill.

Maps, displays, plans, and promotional materials can, under certain circumstances, constitute fraudulent misrepresentations. Ordinarily, such materials consist merely of "dealer's talk," "puffing," expressions of opinion, and exaggerations that reasonable people do not rely upon without further inquiry, and therefore do not constitute false misrepresentations in law or equity. When brochures and other such materials are distributed in connection with real estate sales, they often contain statements that relate merely to future

---

[1] Actually, the Rigsbys first sued Lee's Hill in 1995. That case was nonsuited in 1997, and this action was commenced within six months from the date of the nonsuit.

improvements which are not statements of fact and by their very nature cannot rise to the level of fraud. See 8B M.J., *Fraud and Deceit*, §§ 11 and 12.

In this case, however, the Rigsbys have not been asked to produce the materials upon which their claim is based, or to explain with specificity what statements of fact the materials contained and upon which they relied in purchasing their home. Therefore, the court has no information, except the allegations in the pleadings, about the content of the materials or the circumstances surrounding the Rigsbys' receipt of them.

This is not a demurrer. The sufficiency of the pleadings is not being tested. Rather, it is a motion for summary judgment based on the Rigsbys' admissions in their responses to the requests for admissions. Their responses do not affect their claim of fraud insofar as it is premised on false representations contained in materials displayed, furnished, or distributed to them by Lee's Hill.

Summary judgment is appropriate only when no material fact is genuinely in dispute. It applies when the only dispute concerns a pure question of law, and no trial is necessary because no evidence could affect the result. Rule 3:18; *Carwile v. Richmond Newspapers*, 196 Va. 1 (1954).

For these reasons, the motion must be denied.