## CIRCUIT COURT OF ROANOKE COUNTY

Sylvia M. Perez,
Executor of the Will of
Stanley Draskinis,
and individually

v.

Tatyana O. Draskinis et al.

November 13, 2014

Case No. CL13-1286

By Judge David B. Carson

This matter is before the Court on Cross-Motions for Partial Summary Judgment concerning the administration and distribution of the Estate of Stanley Draskinis ("Testator"). Both parties have moved for summary judgment on the same two issues.

The first issue is whether, by claiming an elective share on May 1, 2013, Defendant Tatyana Draskinis ("Ms. Draskinis") is barred from taking a $150,000.00 general bequest made by Testator in his duly probated Last Will and Testament. The second issue is whether certain conditions precedent have been met such that Paragraph 2(f) of the Pre-Marital Agreement entered into by Testator and Ms. Draskinis is satisfied.

For the reasons that follow, the Court is granting Defendant's Motion for Partial Judgment as to the general bequest in the Will. Because Plaintiff has withdrawn her Motion for Summary Judgment as to Paragraph 2(f) of the Pre-Marital Agreement, the Court will not rule on that issue.

*Facts*

Testator and Ms. Draskinis were married in Las Vegas on July 11, 2005. Ten days prior to their union, the two entered into a Pre-Marital Agreement (the "Agreement") that stipulated that all of Testator's assets then-existing and later-acquired were to be treated as separate property to which Ms. Draskinis would have no rights, including rights arising upon Testator's death. *See* Complaint at Exhibit 2, *Perez v. Draskinis*, CL13-1286 (Roanoke

County Cir. Ct. filed June 20, 2013) ("The Wife shall have no right, title interest, lien, or claim under the laws of any state or foreign country in or to any of the Husband's separate property assets. . . . All separate property of the Husband shall be free from any claim or demand by the Wife at any time during the marriage or in the event of separation, divorce, or death.").

On April 4, 2013, Testator died testate in Roanoke County, Virginia, leaving an estate worth roughly $5 million. His Will, dated March 21, 2013, was duly probated by the Roanoke County Circuit Court. The Will made one general bequest of $150,000.00 to Ms. Draskinis.

On May 1, 2013, Ms. Draskinis claimed her elective share, family allowance, and exempt property as allowed under the Code of Virginia. *See* Va. Code Ann. §§ 64.2-302, 64.2-309, 64.2-310 (2014). Although the Agreement expressly prohibited Ms. Draskinis from claiming an elective share of Testator's estate, Ms. Draskinis contended that the Agreement was unconscionable and unenforceable and sought her elective share of Testator's augmented estate. Litigation commenced shortly thereafter to determine the enforceability of the Agreement. Following a bench trial on April 15, 2014, this Court issued a letter opinion dated April 25, 2014, finding that the Agreement was valid and enforceable. [88 Va. Cir. 195.]

Ms. Draskinis now wishes to claim the general bequest in Testator's Will. Plaintiff opposes this and argues that by claiming her elective share, Ms. Draskinis is barred from taking under the Will. Each side has filed a Motion for Summary Judgment as to this issue, and counsel for both parties have submitted thorough memoranda of law in support of their positions. The Court also heard oral argument on November 7, 2014.

*Analysis*

Rule 3:20 of the Rules of the Supreme Court of Virginia provides for summary judgment, a mechanism by which parties may resolve purely legal issues without the expense of a trial. *See* Va. Sup. Ct. R. 3:20; *see also Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954). A court should grant a party's motion for summary judgment if there are no factual disputes and an issue may be ruled on purely as a matter of law. *See generally Tri-Port Terminals, Inc. v. Hitch S. Brand Terminal, L.L.C.*, 87 Va. Cir. 314, 315–16 (Chesapeake 2013) (citations omitted) ("[A] grant of summary judgment is proper if, in consideration of the undisputed facts in the light most favorable to the nonmoving party, it appears that the moving party is entitled to judgment as a matter of law. In considering the motion, the Court considers the facts and all inferences fairly drawn therefrom, and is prohibited from drawing inferences that are 'forced, strained, or contrary to reason'."). In the present matter, no facts are in dispute, and all that needs to be decided is the purely legal conclusion of whether Ms. Draskinis' election, which was based upon a mistake as to the enforceability of the Agreement, bars her from taking under Testator's Will.

Section 64.2-302 of the Code of Virginia governs both the procedure by which a surviving spouse may claim an elective share of their consort's estate as well as the time limit within which the surviving spouse must elect. *See* Va. Code Ann. § 64.2-302(a) (2014) ("A surviving spouse may claim an elective share regardless of whether (i) any provision for the surviving spouse is made in the decedent's will or (ii) the decedent dies intestate."); Va. Code Ann. § 64.2-302(b).

The Code does not, however, mention the effect of making an election; rather, this matter has been addressed by the Supreme Court of Virginia.

In *First National Exchange Bank of Roanoke v. Hughson,* the Supreme Court of Virginia observed that a surviving spouse may not take both under the elective share statute and under the will. 194 Va. 736, 746–47, 74 S.E.2d 797, 804 (1953) (quoting *Findley's Ex'rs v. Findley,* 52 Va. (11 Gratt.) 434, 439 (1854)) ("The widow's right to her share of her deceased husband's estate thus secured to her by statute is an absolute, paramount, and certain right which her husband may not deny her…The appellee cannot assert her paramount claim to distribution against the will, and also claim the provision, or any part of it, made for her by the will. Having made her election to take the first, she must give up the last to indemnify the parties who are disappointed by her election.") (citation omitted). A surviving spouse may make his or her statutory election by express or implied conduct, but what is essential is that the election is made with the electing spouse's full knowledge of his or her rights. *See Simmons v. Simmons,* 177 Va. 629, 636–37, 15 S.E.2d 43, 46 (1941).

In *Simmons v. Simmons,* the Supreme Court of Virginia held that a surviving spouse's election "must have been with a *knowledge of the party's rights.* . . . [N]o one shall be constrained to make an election until the interests to which the election relates are *clearly defined,* and *their relative values ascertained. Id.* (citation omitted). It seems plain, then, that, for an election to bind a surviving spouse such that he or she is barred from taking under a will, the electing spouse must know what he or she is actually electing, that is, what would the spouse take under a will that they are forgoing in favor of taking the elective share.

In the present matter, Ms. Draskinis had no such knowledge. Ms. Draskinis claimed her elective share under the mistaken belief that the Agreement with Testator was void and unconscionable; it was not. In effect, Ms. Draskinis did not make an election as her claim was a nullity; therefore, her Motion for Summary Judgment as to this issue is granted.

### Conclusion

For the above reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment as to this issue.