## Wytheville

## H. A. DAVIS V. JOS. G. HEFLIN.

### June 16, 1921.

1. LIBEL AND SLANDER—*Venue—Conflict of Laws—Statutory and Common Law Actions.*—Words actionable at common law may be sued on in a common law action in any jurisdiction where the defendant may be found; but where the action rests upon a statute and the words were spoken or published exclusively in a State other than that in which the action was brought, the plaintiff must prove as a fact that a like statute was in force in such other State.

2. LIBEL AND SLANDER—*Publication—Mailing Letter to Plaintiff.*— The mere mailing or transmission of a letter to plaintiff himself does not constitute a publication in a civil action and at common law, as the sender is not responsible for what the recipient does with the letter after it is received.

3. LIBEL AND SLANDER—*Publication—Mailing Letter to Third Party.*—The mailing of a slanderous letter to a third party amounts to a publication, provided the letter reaches its destination and is read by the addressee, or any other third party.

4. LIBEL AND SLANDER—*Anti-Dueling Act, Code of 1919, Section 5781—Publication.*—Publication is not necessary under the anti-dueling act, Code of 1919, section 5781, providing that all words which, from their common acceptation, are construed as insults and tend to violence and breach of the peace, shall be actionable.

5. LIBEL AND SLANDER—*Action for Defamation—Anti-Dueling Act, Section 5781, Code of 1919—Publication—Case at Bar.*—Defendant in Virginia wrote a letter to a third party in Washington containing defamatory statements about plaintiff. The letter reached the addressee and was read by him and another. Plaintiff questioned defendant in Virginia in regard to the letter and defendant substantially repeated and assumed responsibility for the contents of the letter when he admitted its authorship and said to defendant that the letter spoke for itself.

22

*Held:* That a verdict for plaintiff was good under the evidence
regardless of whether it was fonnd under a common law
count or counts under the anti-dueling act (Code of 1919,
section 5781). If found under the common law count, there
was unquestionably a publication in Washington, and in a
common law action the place of publication is immaterial. If
the verdict was found under the statutory counts, the verdict
is still sufficiently supported by the proof that defendant in
substance reiterated the slanderous statements to plaintiff
himself in Virginia.

Error to a judgment of the Circuit Court of Westmore-
land county in an action of trespass on the case. Judgment
for plaintiff. Defendant assigns error.

*Affirmed.*

*C. O'Conor Goolrick,* for the plaintiff in error.

*W. W. Butzner, George Mason, W. T. Mayo,* for the de-
fendant in error.

The opinion states the case.

KELLY, P., delivered the opinion of the court.

This was an action for defamation brought by Heflin
against Davis. There was a judgment for the plaintiff,
and the defendant assigns error.

The litigation grew out of a letter written and mailed
by Davis at Colonial Beach in Westmoreland county, Vir-
ginia, addressed to Charles H. St. John, at Washington,
D. C. Davis and St. John were both residents of Washing-
ton, but Davis owned property at Colonial Beach and was
frequently there on business. The letter contained defam-
atory statements about Heflin. It arrived at St. John's
office in Washington during his absence and was opened
and partially read by W. C. Robinson, an associate in the

office, and then placed on St. John's desk, and read by him on his return. After reading the letter himself St. John handed it to Robinson, who then read it and sent a copy to Heflin in Virginia. Still later Heflin saw Davis at Colonial Beach and asked him if he had written such a letter. Davis replied that he had written St. John a letter about some lots, but not about Heflin. The latter then said to Davis that he had a copy of the letter involved in this suit, and Davis thereupon said that the letter spoke for itself, and without further comment walked away. There was also another conversation between Davis and Heflin regarding the letter, in which Davis, while admitting its authorship, undertook to disclaim any intention to reflect on Heflin's character, but this was at a period considerably later than the former interview in which Davis simply said that the letter spoke for itself.

The declaration contained three counts, the first one for common law libel, and the second and third for insulting words under the statute. The errors assigned relate to the instructions and to the motion for a new trial, but they involve this single question: Was it reversible error for the court to give, as it did, certain instructions on behalf of the plaintiff looking to a recovery under the statutory counts? Or, to state the question differently, can there be any recovery at all in this case under the statutory counts?

The contention on the part of the defendant is that the evidence showed publication of the alleged libelous matter only in Washington, and not in Virginia; that there was no proof of a statute in the District of Columbia similar to the Virginia statute for insulting words; that, therefore, there could not lawfully be any recovery in this case under the statute, and that as the second and third counts in the declaration were based upon the statute, the verdict which was general in form, may have been found under these counts and the instructions thereon.

[1-3] It is conceded, and the law to that effect seems to be well settled, that words actionable at common law may be sued on in a common law action in any jurisdiction where the defendant may be found; but it appears to be equally well settled that where the action rests upon a statute and the words were spoken or published exclusively in a State other than that in which the action was brought, the plaintiff must prove as a fact that a like statute was in force in such other State. *Stout* v. *Wood,* 1 Blackford (Ind.) 71; *Langdon* v. *Young,* 33 Vt. 137; 17 R. C. L. p. 371 sec. 120; 9 Ann. Cas. 383, Note; L. R. A. 1918 F, 1026. The mere mailing or transmission of a letter to the *plaintiff himself* does not constitute a publication in a *civil action and at common law,* as the sender is not responsible for what the recipient does with the letter after it is received. *Sun Life Ins. Co.* v. *Bailey,* 101 Va. 443, 446, 44 S. E. 692; Ogden on Slander and Libel 151, 17 R. C. L., p. 316, sec. 57. But these authorities do not go far enough to hold that the mailing of a slanderous letter *to a third party,* as in this case, does not in itself amount to a publication, provided the letter reaches its destination and is read by the addressee, or any other third party. It has been held that "the mere depositing of a letter containing such matter in the post office would be a publication of it, although it never came to the hands of him for whom it was intended, if it came to those of any one else, because a wrong doer is answerable for all the consequences of his acts." 18 Am. & Eng. Enc. 2 ed., 1015, citing *Callan* v. *Gaylord,* 3 Watts (Pa.) 321. In Ogden on Slander and Libel, page 518, it is said: "A letter is deemed to be published both where it is posted and where it is received and opened." In 25 Cyc. at page 367 the text says: "The writing of a libelous letter against one person and placing it in the post office directed to another person who receives and reads it is a publication of the libel; but

the publication is not complete until it is received and read by some third person."

[4-5] We need not, however, decide in this case whether the mailing of the letter in Virginia, coupled with its reception and perusal by St. John and Robinson in the District of Columbia, amounted in law to a publication in both jurisdictions. It clearly appears from the evidence, which we have considered with scrutiny, and which is briefly outlined above, that Davis substantially repeated and assumed responsibility for the contents of the letter when he admitted its authorship and said to Heflin in the first conversation on the subject at Colonial Beach that the letter spoke for itself. The case in this particular is not substantially different from what it would have been if Davis, instead of admitting the authorship and saying that the letter spoke for itself, had read its contents directly to Heflin. In the case of *Rolland* v. *Batchelder,* 84 Va. 664, 673, 5 S. E. 596, 695, this court said: "But we do not think any publication is necessary under our statute cited above; that the words, according to their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, is sufficient to render them actionable. If they are so written or spoken as to tend to violence and breach of the peace, that is all the statute requires. If a libel is published, or a slander communicated to some third person, the action accrues. But whatever may have been the original object of the statute, about which we find some of the judges not entirely agreed, the intention of the law expressed therein is clearly to render all words which, from their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, actionable. Insulting words written to the person insulted, tend to violence and breach of the peace, whether exhibited to a third person or not, and such words spoken to another without the presence of a third person tend also

to violence and breach of the peace." This decision has never been overruled, and while it is perhaps out of line with the current authority, it appears to us to be sound. While it often increases the gravity of the insult to defame a person to others, there can be no doubt that a direct personal defamation, without the knowledge of any third person is in itself a grievous insult which will often tend to violence and a breach of the peace, and therefore comes within the well known purpose of the Virginia statute, familiarly designated as the anti-dueling act. (Code 1919, sec. 5781.)

We have then a case in which the verdict is good under the evidence, regardless of the count or counts in the declaration under which it was found. If under the common law count it is conceded that the case was made out, because there was unquestionably a publication in Washington, and in a common law action the place of publication is immaterial. If the verdict was found under the statutory counts, then conceding, but not deciding, that the mailing of the letter, coupled with the subsequent reception and perusal thereof by St. John and Robinson in Washington, did not amount to a publication in both States, the verdict is still sufficiently supported, under *Rolland* v. *Batchelder*, *supra*, by the proof that Davis in substance reiterated the slanderous statements to Heflin himself in Virginia.

We find no error in the judgment complained of, and the same is affirmed.

*Affirmed.*