## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

Donald M. Sanderson

    v.

Colonial Williamsburg Foundation
and Peter Van Tol

May, 1990

By JUDGE WILLIAM L. PERSON, JR.

After careful consideration of counsels' briefs and oral argument, the court finds the following regarding plaintiff's claim under the Virginia insulting words statute (Va. Code Ann. § 8.01-45). As the parties agree that the words in question were privileged and that a malice standard is required to defeat the privilege, this opinion addresses the narrow question of whether the allegedly defamatory statements are actionable *per se* under the insulting words statute.

Plaintiff, Donald M. Sanderson, has brought suit against defendant, Colonial Williamsburg Foundation ("the Foundation") and Peter Van Tol alleging, among other things, insulting words as defined by the Virginia Insulting Words statute in Va. Code Ann. § 8.01-45.[1] In Count III of the Amended Motion for Judgment, plaintiff alleges that, "The statements contained in the letter of termination . . . from their usual construction and common usage, construed as insults, made with intent to induce violence and a breach of the peace in violation of § 8.01-45 et seq.

---

[1] See Count III of plaintiff's Motion for Judgment and Amended Motion for Judgment.

of the Code of Virginia, as amended." The plaintiff further alleges that the precise words are insulting on their face. The alleged insulting words occurred at the time of plaintiff's termination as an employee of Colonial Williamsburg and were contained in a letter from Van Tol to Sanderson. The relevant portions of the letter read:

> a. it was discovered that stock records maintained under your supervision and direction contained significant errors *far beyond the frequency considered normal or acceptable* for the type of operations in which you are involved [emphasis added]; and
> b. Your failure to make known this condition and to take timely remedial action indicates a *total unawareness* or *a lack of candor* . . . [emphasis added].[2]

These remarks were not published. Plaintiff must therefore base his cause of action on the insulting words statute, which does not require publication in order to make the words actionable. *Davis v. Heflin*, 130 Va. 169, 173, 107 S.E. 673, 674 (1921); *Rolland v. Batchelder*, 84 Va. 664, 673, 5 S.E. 596, 695 (1888). The defendant moves the court to grant summary judgment in that the words as a matter of law are not actionable *per se*.

The original purpose of the Virginia insulting words statute was to prevent dueling. The intent of the statute today is to prevent breaches of the peace. *Hines v. Gravins*, 136 Va. 313, 320, 112 S.E. 869, 871, *cert. denied*, 265 U.S. 583 (1923). The statutory language reflects this objective:

> *Action for insulting words.* -- All words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace.

Va. Code Ann. § 8.01-45. In considering whether the words in the letter are actionable, both plaintiff and defendant

---

[2] See Exhibit A attached to plaintiff's Motion for Judgment.

focus their attention on the common law doctrine of defamation *per se*. The plaintiff has stated in oral argument that the words are actionable *per se* as a matter of law. Plaintiff has taken the position that if the words are not actionable *per se* as a matter of law, then defendant's motion for summary judgment should be granted by the court. Both parties rely on a number of court opinions which state that an action under the insulting words statute is complete assimilated into a common law action for libel or slander *per se*.

> An action for insulting words . . . is treated precisely as an action for slander or libel, for words actionable *per se*, with one exception, namely, no publication is necessary. The trial of an action for insulting words is completely assimilated to the common law action for libel or slander, and from the standpoint of Virginia law, it is an action for libel or slander.

*Carwile v. Richmond Newspapers*, 196 Va. 1, 6, 82 S.E.2d 588, 591 (1954). *See also, Guide Pub. Co. v. Futrell*, 175 Va. 77, 85, 7 S.E.2d 133, 137 (1940); *W. T. Grant Co. v. Owens*, 149 Va. 906, 913, 141 S.E. 860, 863 (1928). Plaintiff and defendant focus their arguments on whether or not the language in the letter is defamatory *per se*.[3]

---

[3] Words which are actionable per se include:

(1) those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished;

(2) those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society;

(3) those which impute to the person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of an office or employment;

(4) those which prejudice such person in his or her profession or trade;

All other defamatory words which, though not in themselves actionable, occasion a person special damages are actionable.

Great Coastal Express v. Ellington, 230 Va. 142, 147, 334 S.E.2d 846, 849 (1985); Fleming v. Moore, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981); Carwile, 196 Va. 1, 7, 82 S.E.2d 588, 591 (1954).

It is important to note that an action for words that are defamatory *per se* is an action for words that are published. The words in the case at bar were not published, and the plaintiff therefore pleads a cause of action under the insulting words statute. The words in the letter, to be actionable, must be "insulting" within the definition of the statute. That is, the alleged defamatory words must from "their usual construction and common acceptance" be construed as "insults and *tend to violence* and *breach of the peace*." Va. Code Ann. § 8.01-45 (Emphasis added).

Plaintiff primarily argues that two phrases within the letter are actionable *per se*: "total unawareness" and "lack of candor." Plaintiff further argues that a determination of whether or not the words are actionable *per se* is a matter for the court to decide. Whether words are defamatory *per se* is a question of law. *Great Coastal Express v. Ellington*, 230 Va. 142, 148, 334 S.E.2d 846, 850 (1985). If the published words are determined by the trial judge to be actionable *per se* at common law, compensatory damages for injury to reputation, humiliation, and embarrassment are presumed. *Id.* at 151, 334 S.E.2d at 852. In actions under Va. Code Ann. § 8.01-45, damages are presumed from proof of the utterance of insulting words made actionable by the statute, and in order to recover, it is not necessary to prove actual or pecuniary loss. *Weatherford v. Birchett*, 158 Va. 741, 744, 164 S.E. 535, 536 (1932); *Boyd v. Boyd*, 116 Va. 326, 331, 82 S.E. 110, 111 (1914). However, the words in question must be *insulting* words made actionable by § 8.01-45. Plaintiff has pleaded a cause of action for insulting words as defined by statute, not for defamation *per se*. The question in this case is not whether the words are *defamatory per se*, but whether they are *"insulting"* within the meaning of Va. Code Ann. § 8.01-45.

Whether or not the words used are insulting is a jury question, depending on whether from "their usual construction and common acceptance" they may be "construed as insults and tend to violence and breach of the peace." *Cook v. Patterson Drug Co.*, 185 Va. 516, 521, 39 S.E.2d 304, 307 (1946). It is the duty of the court to define what constitutes insulting words, and it is for the jury to say whether the particular words come within the defini-

tion. *Id*. The Virginia Model Jury Instructions define a statement as insulting within the statute "if people in the community usually mean and commonly accept them as insults and if they tend to cause violence and a breach of the peace." Va. Model Jury Instruction No. 37,030 (1988 Repl. Ed.).

The focus should not be on whether the words fall under a category of defamation *per se*, but whether the words in the letter could be construed as insults within the clear meaning of the statute. Simply put, to be actionable, the words must be those which could reasonably lead to violence. This is usually a question of fact for the jury to decide. *Cook*. In *Cook*, the trial court gave the jury an instruction similar to that quoted above.

> The court instructs the jury that if they believe from the greater weight of the evidence that the words spoken to the plaintiff . . . were such words that from their usual construction and common acceptation are construed as an insult, and tend to violence and a breach of the peace, they should find their verdict for the plaintiff.

*Id*. at 519, 39 S.E.2d at 306. In *Tweedy v. J. C. Penney Co.*, 216 Va. 596, 221 S.E.2d 152 (1976), the Virginia Supreme Court approved an instruction which read:

> If you believe from a preponderance of the evidence that defendant . . . spoke words to the plaintiff which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace, then such words are actionable, and damages are presumed and the plaintiff has the right to sue defendant and her employer . . . and to recover such damages as determined proper by you in accordance with other instructions.

216 Va. at 601, 221 S.E.2d at 156, footnote 5. The question then presents itself: could the language in the letter reasonably lead someone to violence and a breach of the peace? The answer is clearly no.

Imputations of "total unawareness" and "lack of candor" in the context of a termination letter do not fall within the definition of insulting words contained in § 8.01-45. At least one other Virginia circuit court has held that the statements at issue in an insulting words claim were not actionable as a matter of law because of the nature of the words themselves. *Smith v. Dameron*, 12 Va. Cir. 105 (1987). The insulting words must tend to cause violence or a breach of the peace. *Id.* at 108. In the instant case:

> Reasonable people could not conclude that the comments relied upon, no matter how untimely or insensitive they may have been, would cause violence or a breach of the peace.

*Id.* The instructions given to juries in other cases under Section 8.01-45 and the Model Jury Instructions all require that the jury find the words capable of causing violence or a breach of the peace. A jury could not reasonably conclude that the language in the letter would tend to cause violence or a breach of the peace.

The Fourth Circuit recently upheld a decision by a district judge rejecting an insulting words claim because the statement was not delivered in a manner that would "tend to violence and a breach of the peace." *Dweyer v. Smith*, 867 F.2d 184, 196 (4th Cir. 1989). It is clear that Va. Code Ann. § 8.01-45 requires that the words in question be capable of causing violence or a breach of the peace. The words in the termination letter simply do not fall within this category.

Whether or not the words in the letter are actionable does not depend on a finding of whether they are defamation *per se*, but on a determination that the words from their usual construction tend to violence and a breach of the peace. It is not a question of the words being actionable *per se* or not, but whether they are "insulting" as defined by the statute. The clear language of the statute requires that the words tend to violence and a breach of the peace. Va. Code Ann. § 8.01-45. The insulting words action may be "completely assimilated to the common law action for libel and slander," *Carwile, supra*, but the requirements of the statute must be met. It is not sufficient for the

plaintiff to merely allege that a statement falls within the purview of the insulting words statute. The words in question must tend to cause violence or a breach of the peace, and these do not. No jury could reasonably find that the words come within the definition of "insulting" as set forth by § 8.01-45. No "genuine issue of material fact" exists regarding the insulting nature of the words. Defendant's Motion for Summary Judgment regarding plaintiff's insulting words claim under Va. Code Ann. Section 8.01-45 is therefore granted.