## CIRCUIT COURT OF THE CITY OF SALEM

Cybermotion, Inc.

v.

Vedcorp, L.C.

February 3, 1997

Case No. CL96-105

By Judge Robert P. Doherty, Jr.

The result of our January 21, 1997, hearing is that I am to rule on the Defendant's demurrer only as to Count I of the Plaintiff's Amended Motion for Judgment. Count I is the defamation claim. Count II and III will be combined into a breach of contract claim. There will be no independent claim for "breach of duty to act in good faith," pursuant to § 8.1-203, Code of Virginia (1950), as amended. The Plaintiff will file a Second Amended Motion for Judgment without making reference to the prior pleadings. The Defendant may respond as it deems appropriate to this new pleading.

The issue on the defamation count is whether the theory of "compelled self-publication by the Plaintiff" can be a substitute for the requirement that the Defendant must publish the defamatory words to a third person. The answer is that it cannot.

In order to prevail in an action for defamation, Plaintiff must prove that Defendant, intentionally or negligently, published unprivileged statements about Plaintiff that were false and malicious and that were injurious to his reputation.

> The mere mailing or transmission of a letter to the Plaintiff himself does not constitute a publication in a civil action and at common law as the sender is not responsible for what the recipient does with the letter after it is received. *Davis v. Heflin*, 130 Va. 169, 172 (1921). See also *Sun Life Assurance Co. v. Bailey*, 101 Va. 443, 446 (1903),

and *Atkins v. Indus. Telecommunications Ass'n*, 660 A.2d 885 (D.C. App. 1995).

The principle of stare decisis dictates the decision in this matter. The failure to allege and prove that there was publication of defamatory statements by the Defendant to a third party is fatal to an action for common law libel in Virginia. Accordingly, Defendant's demurrer to Count I is granted.