# CIRCUIT COURT OF THE CITY OF ROANOKE

Ron Assaid,
d/b/a V.I.P. Trips

v.

Juanita Beaver
and Jeff Bryant,
d/b/a V.I.P.
International

November 13, 2000

Case No. CL00-567

BY JUDGE ROBERT P. DOHERTY, JR.

In an amended counterclaim, Plaintiff Bryant alleges that Defendant Assaid, a business competitor, defamed him by telling certain of Plaintiff's customers or potential customers that Plaintiff was "a thief, a crook, and a thieving son of a bitch." Plaintiff claims that this language is defamatory *per se*, and that it violates the insulting word statute, § 8.01-45, Code of Virginia (1950), as amended. Defendant demurs claiming that Plaintiff did not plead the specific defamatory language alleged; that he did not name the persons to whom these statements were made; that the language was privileged communication; that it was mere opinion and hyperbole; and that the alleged language did not tend to cause violence or a breach of the peace. The Court finds in favor of the Plaintiff.

## Specific Language and Persons

"A demurrer admits the truth of all material facts that are properly pleaded . . . . [including] (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged." *Duggin v. Adams*, 234 Va. 221, 223 (1987).

In his amended counterclaim, Plaintiff precisely states the language he claims to be defamatory and he identifies the speaker of that language. That is specific enough to satisfy the rule requiring that the exact defamatory language must be pled. *Federal Land Bank v. Birchfield,* 173 Va. 200 (1939). The fact that the pleadings identify three individual customers or potential customers to whom the language was addressed satisfies the publication requirement for common law defamation, none being required for damages under the insulting words statute. *Davis v. Heflin,* 130 Va. 169 (1921).

## Privileged Communications

As claimed by the Plaintiff, the circumstances of the alleged defamatory statements were not made within the context of a privileged or qualifiedly privileged situation. This matter is here on demurrer. It is not permissible at this stage of the proceedings for Defendant to make an argument that relies on any fact not clearly set forth in Plaintiff's counterclaim.

## Defamation and the Virginia Insulting Words Statute

An action for defamation and an action for violation of the Virginia insulting words statute, § 8.01-45, almost merge into a single claim. One of the main differences between them is that proof of publication is not necessary under the insulting words statute. See *Carwile v. Richmond Newspapers, Inc.,* 196 Va. 1, 6 (1954). If the challenged utterances are false, and if they convey that the Plaintiff is guilty of a criminal offense involving moral turpitude, or if they claim he is infected with some contagious disease, or if they allege unfitness or lack of integrity in the carrying out of his business duties, or if they prejudice him in his profession or trade, they constitute defamation *per se.* See *Great Coastal Express, Inc. v. Ellington,* 230 Va. 142 (1985). If such language also tends to cause violence or a breach of the peace, the speaker is in violation of the insulting words statute. *Allen & Rocks, Inc. v. Dowell,* 252 Va. 439, 443 (1996). Under the facts as pleaded, the language attributed to Defendant is not presented as pure opinion, rhetorical hyperbole, or even as a series of epithets which could not reasonably be construed by anyone to be literally true. See *Yeagle v. Collegiate Times,* 255 Va. 293 (1998). Instead, as alleged, the language connotes that the Plaintiff lacks integrity; that he is dishonest; that he engages in larceny; that he is unfair in his business dealings; and that he has in the past, and may again in the future, steal from his customers and business associates. The counterclaim properly alleges a claim

for common law defamation and a claim under the insulting words statute. Defendant's demurrer is overruled.