## CIRCUIT COURT OF ARLINGTON COUNTY

Northern Virginia Board
of Realtors, Inc., et al.

v.

Robert Walton Maher

June 18, 1975

Case No. (Law) 16957

## By JUDGE CHARLES S. RUSSELL

Plaintiffs filed a Motion for Judgment charging the Defendant with libel and slander, seeking damages, compensatory and punitive. The allegations of the Motion for Judgment are to the effect that the libel consisted of statements contained in a Bill of Complaint filed against. the present Plaintiffs in the Circuit Court of Fairfax County on March 11, 1974, by the Defendant, which accused them of allegedly illegal activities, and that the slander consisted of the republication by the Defendant of the matters contained in the above mentioned Bill of Complaint, by allegedly transmitting the substance thereof to representatives of the news media, who caused them to be disseminated to the general public. Defendant demurs to this Motion for Judgment on two grounds, i.e., (1) that the original publication by filing judicial proceedings in Fairfax, and the republication thereof to the media, were absolutely privileged as a matter of law, and (2) that the Motion for Judgment is fatally defective in that it fails to set forth the exact words constituting the alleged libel and slander.

In oral argument on the Demurrer Plaintiffs conceded that the statements contained in the Bill of Complaint filed in Fairfax were absolutely privileged and that no cause of action could arise therefrom. It was further conceded that the republication thereof to the news media did not depart from or expand upon the content of the Fairfax Bill of Complaint. Nevertheless, Plaintiffs contend that such republication fell only under a qualified privilege which was lost in the presence of actual or constructive malice, and that such malice is alleged here to have been present.

An examination of the Motion for Judgment discloses that the claim of republication to the news media is contained only in Paragraph 9. It is not specific as to the words used, but sufficiently alleges that the Defendant was actuated by malice and that the content of the republication would have been such as to be libellous per se if not protected by a privilege. See *Carwile v. Richmond Newspapers*, 196 Va. 1 (1954).

Leaving aside the question of the absolute privilege accorded to utterances made in legitimate judicial proceedings, which is conceded, it remains to be seen what, if any, privilege attaches when the content of such utterances is voluntarily relayed by a litigant or his counsel to the press. The Virginia Supreme Court does not appear to have decided this question. A decision by the United States District Court for the Eastern District of Virginia, applying Virginia law, *Bull* v. *Logetronics, Inc.*, 323 F. Supp. 115 (1971), dealt with a somewhat similar factual situation but failed to draw any distinction between the right of a litigant to transmit utterances made in judicial proceedings to the press, and the ultimate right of the press to publish information so acquired. The decision implies, without expressly so stating, that the litigant's right is the same as that of the newspaper, i.e., to publish any matter contained in a public record which is a fair summary of the allegations in the record, accompanied by fair and relevant comment thereon. The right of the news media to carry such stories is reinforced by the First Amendment to the Federal Constitution and is beyond question here. However, the "gray area" of the litigant's right to transmit this information to the press in the first instance appears never to have been considered in Virginia.

Plaintiffs rely on *Kennedy* v. *Cannon*, 182 A.2d 54, 229 Md. 92 (1962); *Long* v. *Ansell*, 69 F.2d 386 (D.C. App. 1934); and *McGovern* v. *Martz*, 182 F. Supp. 343 (U.S.D.C., D.C. 1960). In the last named case, Judge Youngdahl considered allegedly libellous matter inserted by a congressman in the CONGRESSIONAL RECORD, and then republished by his mailing copies thereof to constituents. The legislative privilege was held to be virtually identical to the judicial privilege considered here, as Defendant conceded in argument. It was held that the utterances by a congressman printed in the official CONGRESSIONAL RECORD were absolutely privileged. The Court went on to say, (page 347):

> But what of republication? Should an absolute privilege exist to bar suits for defamation resulting from a congressman's circulation of reprints or copies of the CONGRESSIONAL RECORD to non-congressmen? The reason for the rule, complete and uninhibited discussion among legislators, is not here served. Accordingly, the absolute privilege to inform a fellow legislator. . . becomes a qualified privilege for the republication of the information. "Though a member of Congress is not responsible for words spoken there, though libellous upon individuals; yet if he causes his speech to be published he may be punished as for a libel by action or indictment. This is the English and the just law." . . . (citations omitted)
>
> When analogy to the judicial privilege is made, it further appears reasonable to hold that congressmen have only a qualified privilege and thus are liable for malicious defamation, for the unofficial dissemination of the CONGRESSIONAL RECORD. While a judge has an absolute privilege for the official publication of a judicial statement (as by reading an opinion in open court or filing it in the Clerk's office) there is only a qualified privilege for the unofficial circulation of copies of a defamatory opinion.

The Maryland Court of Appeals in *Kennedy* v. *Cannon*, *supra*, after affirming the principle that state-

ments made in a judicial proceeding itself are absolutely privileged, further stated:

> On the other hand, it has been held that such absolute privilege will not attach to counsel's extra-judicial publications, related to the litigation, which are made outside the purview of the judicial proceeding. . . nor will the attorney be privileged for actionable words spoken before persons in no way connected with the proceedings. . . .
>
> All of the above cited cases make it obvious that aside from any question of ethics, an attorney who wishes to litigate his case in the press will do so at his own risk. We hold that appellee had no absolute privilege in regard to the statement made by him to the newspaper.

The Court concludes the original publication of otherwise defamatory statements by the Defendant's filing a Bill of Complaint in the Circuit Court of Fairfax County, and the ultimate dissemination of the content thereof by the news media were both absolutely privileged, and give rise to no cause of action. However, any republication of the allegedly defamatory material contained in the Fairfax judicial proceedings, by the Defendant's communication of the same to the news media, fell only under a qualified privilege which was lost if actuated by malice, either actual or implied. Although the Demurrer will be overruled, the Pre-trial Order should contain language limiting the trial to this issue.

Defendant's remaining ground of Demurrer raises the lack of specificity of the Motion for Judgment as to the allegedly defamatory words. The common-law pleading requirements of colloquium and innuendo appear to have been abrogated by Rule 1:4(d) of the Supreme Court of Virginia. Defendant's remedy here would be a motion for a Bill of Particulars and discovery under the rules.

Counsel should present an endorsed order overruling the Demurrer in accordance with the foregoing.