## CIRCUIT COURT OF THE CITY OF NORFOLK

Lowell A. Stanley
and Lowell A. Stanley, P.C.

v.

Loretta Storck,
Jessica Bellamy, et al.

November 15, 2002

Case No. (Law) 00-2534

BY JUDGE JOHN C. MORRISON, JR.

This issue comes before the Court on Plaintiffs' Motion for Summary Judgment on Defendant Bellamy's Counterclaim. Plaintiffs have also filed a motion to sever Defendant Bellamy's counterclaim from the underlying action. For the reasons outlined below, the Court grants partial summary judgment to Plaintiffs, denies the Plaintiffs' motion to sever, and denies the Plaintiffs' motion for a continuance.

Defendant Jessica Bellamy was Plaintiffs' secretary during the events alleged in the underlying action. Defendant Bellamy filed a counterclaim against Plaintiffs Lowell Stanley and Lowell Stanley, P.C., for defamation. She alleges that she was damaged when Plaintiffs told the newspapers that "We're talking with the IRS" and that "They're aware of the thievery." (Def.'s Counterclaim ¶ 11.) These statements were in response to questions by the reporter and refer to Plaintiffs' claim in their lawsuit that the defendants did not pay the Plaintiffs' tax bill, among other financial improprieties. In addition, Defendant cites the following paragraphs from the article:

Lawyer Lowell ["The Hammer"] Stanley has sued five former employees, including his office manager of eight years, accusing them of stealing money, threatening fellow employees, intentionally not paying his bills, and spreading lies about him.

(Def.'s Counterclaim ¶ 12.)

Stanley said he does not know how much money the workers took, but said that it is in the thousands of dollars, not millions, despite the damage claim.

(Def.'s Counterclaim ¶ 13.)

Defendant is also suing on the grounds of statements made to a member of the television press. That television station aired a piece in which the reporter stated: "Lowell Stanley accused three former employees and their families of stealing at least tens of thousands of dollars" from the firm. (Def.'s Cross-Claim ¶¶ 16-17.) Defendant also asserts: "Upon information and belief, Stanley told the reporter for the television station that Bellamy, among others, had stolen and/or embezzled from the firm." *Id.* at ¶ 18.

### *Plaintiffs' Motion for Summary Judgment*

Plaintiffs move for summary judgment on the following grounds: (1) in the context of the entire article, the words are not actionable because they refer to the lawsuit against Loretta Storck, not Jessica Bellamy; (2) the phrase is a generalized hyperbole and an opinion concerning the validity of Mr. Stanley's lawsuit; (3) the statement is true, shown by Loretta Storck's criminal convictions arising out of the events that are the subject of the lawsuit; and (4) the statements are protected by the absolute privilege for statements in judicial proceedings. The parties have agreed that, in its decision on the motion for summary judgment, the Court may consider the depositions of newspaper reporter Marc Alan Davis and television reporter Richard Wentworth Holmes.

In Virginia, a trial court may enter summary judgment only if no material fact is genuinely in dispute. Va. Sup. Ct. R. 3:18. In considering a motion for summary judgment, a trial court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason. *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880 (1997). Summary judgment is authorized only where the moving party is entitled to judgment as a matter of law. It is appropriate only where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to

make a sufficient showing on an essential element of the case that it has the burden to prove. *Id.*; *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390 (4th Cir. 1950); *Hill v. Diamond*, 203 F. Supp. 877 (E.D. Va. 1962); Michie's Jur., *Judgments & Decrees*, § 217.3, at 338, 344.

"Defamation is an invasion of the interest in reputation and good name." W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* 111, at 771 (5th ed. 1984). Under Virginia law, the elements of defamation are (1) publication about the plaintiff, (2) an actionable statement, and (3) intent. See *Chapin v. Greve*, 787 F. Supp. 557, 562 (E.D. Va. 1992). Both truth and privilege are complete defenses. See *Alexandria Gazette Corp. v. West*, 198 Va. 154, 159, 93 S.E.2d 274 (1956). Claims for defamation are sufficient when they allege a publication of defamatory matter to a third party. See *Gazette v. Harris*, 229 Va. 1, 8, 325 S.E.2d 713 (1985). Statements are defamatory if they "tend[] ... to harm the reputation of [Defendant] as to lower [her] in the estimation of the community or to deter third persons from associating or dealing with [her]." Restatement (Second) of Torts § 559.

The Virginia Supreme Court has held that the pleading must "contain the exact words charged to have been used by defendant, which is necessary to correctly state a good cause of action for libel, slander, or insulting words." *Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215, 3 S.E.2d 405 (1939). "Good pleading requires that the exact words spoken or written must be set out in the declaration *in haec verba.*" *Id.* Defendant has complied with this requirement in paragraph 11 of her counterclaim. However, in paragraphs 12, 13, 17-19, Defendant does not comply with this requirement. Therefore, the Court grants partial summary judgment to Plaintiffs, dismissing the defamation claim to the extent that it relies on phrases other than the following: "We're talking with the IRS" and "They're aware of the thievery."

(1) *Plaintiffs claim that, in the context of the entire article, the words are not actionable because they refer to the lawsuit against Loretta Storck, not the suit against Jessica Bellamy.*

If Plaintiffs' allegation is true, and the statements made were directed at only Loretta Storck, then Jessica Bellamy would not be able to sue for damages on the basis of these statements. One element of a defamation claim is proving that the publication is about the plaintiff, in this case, Defendant Jessica Bellamy. However, this is a question of fact, and Plaintiffs have not shown that these statements are directed against Loretta Storck alone. In considering this motion for summary judgment, the Court must adopt inferences from the facts that are most favorable to Defendant Bellamy. After

looking at the entire article, it is more than possible to infer that the statements at issue referred to all of the defendants. This is especially true of the second statement, "They are aware of the thievery." The article discusses at length the allegations of theft against all of the defendant, including Jessica Bellamy. Because there is a dispute as to a material fact, summary judgment is not appropriate on the ground that the statement was not about Defendant Bellamy.

(2) *Plaintiffs argue that the statements were generalized hyperbole and an opinion concerning the validity of Mr. Stanley's lawsuit.*

"It is for the court, not the jury, to determine as a matter of law whether an allegedly libelous statement is one of fact or opinion." *Chaves v. Johnson,* 230 Va. 112, 335 S.E.2d 97 (1985). The two statements under consideration are clearly statements of fact, "We're talking to the IRS" and "They're aware of the thievery." Therefore, the Court denies Plaintiffs' motion for summary judgment on this ground.

(3) *Plaintiffs allege that the statement is true. Its truth is shown by Loretta Storck's criminal convictions arising out of the events that are the subject of the lawsuit.*

The requirement of an actionable statement is met when the statement is both defamatory in nature and false. See *Chapin,* 787 F. Supp. at 562. Accordingly, both truth and privilege are complete defenses and the burden rests on the plaintiff to prove falsity. See *Alexandria Gazette Corp. v. West,* 198 Va. 154, 159, 93 S.E.2d 274 (1956). Plaintiffs assert that the statement is true because Loretta Storck has been found guilty of three felony counts arising out of the financial improprieties as Plaintiffs' employee. (Pls.' Mem. in Supp. of Mot. to Renew Dem., at 13, incorporated into Pls.' Mot. for Summ. J., at 1.) However, if Bellamy proves that the statements were defamatory as to her, then the convictions of Loretta Storck are entirely irrelevant to whether the statements were true as to Jessica Bellamy. Therefore, the Court denies the motion for summary judgment on this ground.

(4) *Plaintiffs argue that the statements to the reporter are protected by the judicial proceedings privilege.*

Judge Charles E. Poston of this court has held that Restatement (Second) of Torts §§ 586 and 587 accurately reflect the law of Virginia. *Long v. Old Point Bank,* 41 Va. Cir. 409, 414 (Norfolk 1997). Section 586 provides that:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Restatement (Second) of Torts § 586. The comment to § 586 details the intended meaning of the section. "The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." Restatement (Second) of Torts § 586, comment (a). When the rule refers to communications "preliminary to a proposed judicial proceeding," it refers to "conferences and other communications preliminary to the proceedings." *Id.* There is no indication that the authors of the Restatement intended to extend the privilege to communications with the press regarding a lawsuit that they are involved in. Speaking with the press is not necessary to "secure justice for their clients," and it is not a conference or other communication "preliminary to the proceedings."

Section 587 extends the attorney privilege to parties. Restatement (Second) of Torts § 587. The comments to § 587 make it very clear the authors did not intend to extend the privilege to statements to the press. "The privilege stated in this Section is based upon the public interest in according to all men the utmost freedom of access to the courts of justice for the settlement of their private disputes." Restatement (Second) of Torts § 587, comment (a). Speaking to the media does not increase access to the courts of justice.

The Virginia Supreme Court has not addressed the issue in this case. However, two cases support the Court's position that statements to the press are not protected by the absolute immunity given to statements made in judicial proceedings. *Northern Va. Bd. of Realtors, Inc. v. Maher*, 4 Va. Cir. 418 (Arlington County 1975); *Kennedy v. Cannon*, 229 Md. 92, 182 A.2d 54 (1962). Both courts found that "an attorney who wishes to litigate his case in the press will do so at his own risk." *Maher*, 4 Va. Cir. at 421; *Kennedy*, 229 Md. at 99, 182 A.2d at 58. This Court finds that there is no support in Virginia law for extending the judicial proceedings privilege to the case at hand.

The Court denies Plaintiffs' motion for summary judgment on the ground of the absolute privilege for judicial proceedings. As stated above, the Court grants partial summary judgment to the extent that the Defendant's claims go beyond the following statements: "We're talking with the IRS" and "They're aware of the thievery."

*Plaintiffs' Motion to Sever Defendant Bellamy's Counterclaim*

Plaintiffs seek to sever the trial of Defendant Bellamy's Counterclaim from the trial of the underlying action. Rule 3:8 of the Rules of the Supreme Court of Virginia provides:

> Within twenty-one days after service on him of the notice of motion for judgment, a defendant may, at his option, plead as a counterclaim any cause of action at law for a money judgment in personam that he has against the plaintiff or all plaintiffs jointly. ... The court in its discretion may order a separate trial of any cause of action asserted in a counterclaim.

Va. Sup. Ct. R. 3:8. The Court does not find any reason to order separate trials in this case. The jury can and will be properly instructed to consider the evidence separately.

*Motion for Continuance*

The Court denies the Plaintiffs' Motion for a Continuance. It was established in the November 7, 2002, hearing that the available time for discovery was from June 2002 through November 8, 2002. The Court finds that this was sufficient time to complete discovery. Therefore, the Court denies the Plaintiffs' Motion for a Continuance, and trial will commence on December 10, 2002.

*Conclusion*

For the reasons stated above, the Court grants partial summary judgment to Plaintiffs Lowell Stanley and Lowell Stanley, P.C., denies Plaintiffs' motion to sever Defendant Bellamy's counterclaim from the underlying action, and denies Plaintiffs' motion for a continuance.