# CIRCUIT COURT OF THE CITY OF NORFOLK

Joseph D'Alfio

v.

James R. Theuer et al.

September 29, 2010

Case No. (Civil) CL10-1363

By Judge Charles E. Poston

The Court considers this action today upon the Defendants' demurrer to the complaint. Having considered the written submissions of the parties in support of their respective positions, the argument of counsel during an *ore tenus* hearing on August 18, 2010, and relevant authority, the Court will overrule the demurrer.

Because a demurrer's purpose is to test the legal sufficiency of the complaint, it admits the truth of all material facts properly pleaded. *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131 (2003). While all reasonable factual inferences that may be fairly drawn from the alleged facts must be considered, the demurrer does not admit the correctness of the conclusions of law contained in the complaint. *Id.* at 131–32; *Fox v. Custis*, 236 Va. 69, 71 (1988). In ruling on a demurrer, the court may rely on the "substantive allegations of the pleading attacked [and] any accompanying exhibit mentioned in the pleading," *Flippo v. F & L Land Co.*, 241 Va. 15, 17 (1991) (citing Va. Sup. Ct. Rule 1:4(i)), and the court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v.*

*New Holland North America, Inc.*, 254 Va. 379, 382–83 (1997) (citing *Fun v. Virginia Military Inst.*, 245 Va. 249, 252–53 (1993)).

## Facts

The first numbered paragraph of the complaint states the facts essential to the Court's consideration of the demurrer:

> This is a suit for defamation brought by a sea captain against a lawyer who defamed him in various media. Theuer falsely informed the media that, on the orders of Plaintiff, a seaman of Plaintiff's ship was thrown to the deck and handcuffed in retaliation for speaking to a newspaper reporter; that the Plaintiff was visibly intoxicated at that time on board the ship; that the Plaintiff also threatened the seaman on his ship with restraint in a straight jacket; and that Plaintiff when informed about a complaint by a different seaman on his ship about discrimination supposedly said "you need to grow a tougher shell" and later retaliated by giving the seaman a poor evaluation and retaliated against a third seaman on the ship who opposed race discrimination. Theuer represented at least one of the seamen who made these complaints, and filed at least one law suit on their behalf. Instead of relying on the media to report the gist of the claims, however, Theuer faxed copies of the lawsuit[1] and the discrimination charges[2] to the media himself, or had his office staff do so.

(Compl. ¶ 1.) The complaint in succeeding paragraphs details the Plaintiff's allegations concerning the events leading to the filing of the North Carolina action and the EEOC complaints mentioned in its opening paragraph.

## Discussion

The demurrer alleges that the complaint fails to state a claim of defamation because the alleged defamatory statements are absolutely privileged or, alternatively, are protected by a qualified privilege. Privileged communications are either absolute or qualified. *Alexandria Gazette Corp. v. West*, 198 Va. 154, 159 (1956). An absolute privilege provides complete immunity from liability, even if the communication is made with malice

---

[1]    Christopher Waugaman v. Blackwater Security Consulting, L.L.C., U.S. Training Center, Inc., and Joseph D'Alfio, Superior Court for Currituck County, North Carolina, 09CVS193.

[2]    Made to the United States Equal Employment Opportunity Commission (EEOC).

and knowledge of falsity. *Lindeman v. Lesnick*, 268 Va. 532, 537 (2004) (citing *Spencer v. Looney*, 116 Va. 767, 774 (1914)). A qualified privilege provides communications a *prima facie* privilege that can be defeated upon a showing of malice by clear and convincing evidence. *Penick v. Ratcliffe*, 149 Va. 618, 636 (1927) (quoting *Spencer*, 116 Va. at 774); *see also Larimore v. Blaylock*, 259 Va. 568, 576 (2000).

> The general rule, which has been repeatedly stated by this court, is that it is the court's duty to determine as a matter of law whether the occasion is privileged, while the question of whether or not the defendant was actuated by malice, and has abused the occasion and exceeded his privilege are questions of fact for the jury.

*Alexandria Gazette Corp. v. West*, 198 Va. 154, 160 (1956) (quoting *Bragg v. Elmore*, 152 Va. 312, 325 (1929)).

## A. *Absolute Privilege*

The Defendant claims that the alleged defamatory statements are not actionable because they were made in the course of judicial or quasi-judicial proceedings and are protected by an absolute privilege. The Supreme Court of Virginia has held that absolutely privileged communications are divided generally into three classes: (1) proceedings of legislative bodies, (2) judicial proceedings, and (3) communications by military or naval officers. *Story v. Norfolk-Portsmouth Newspapers, Inc.*, 202 Va. 588, 590 (1961) (citing Newell, *Slander and Libel*, 4th ed., § 341, p. 380). The present case does not involve proceedings of legislative bodies or communications by military or naval officers.

Even if made with malicious intent, defamatory statements are absolutely privileged if "they are material to, and made in the course of, a judicial or quasi-judicial proceedings." *Lockheed Info. Mgmt. Sys. Co. v. Maximus, Inc.*, 259 Va. 92, 101 (2000) (citing *Penick v. Ratcliffe*, 149 Va. 618, 636–37 (1927)). Plaintiff bases his complaint on Theuer's faxing the North Carolina complaint and EEOC charges to a reporter, rather than the original publication of the alleged defamatory statements in the complaint and EEOC charges. The judicial proceedings privilege protects the original publication of the defamatory statements; however, republication of the statements to a reporter falls outside the privilege's protection because producing to the reporter the documents containing the alleged defamatory statements was neither material to, nor made in the course of, a judicial proceeding.

Because Theuer's publication of the alleged defamatory statements does not fall into one of the established classes of absolute privilege, the

publication is not protected by an absolute privilege. *See Story v. Norfolk-Portsmouth Newspapers, Inc.*, 202 Va. 588, 590 (1961) (citing Newell, *Slander and Libel*, 4th ed., § 341, p. 380).

## B. *Qualified Privilege*

Although Theuer's publication of the complaints is not afforded an absolute privilege, the publication is entitled to the protection of a qualified privilege. A qualified privilege protects communications from allegations of defamation when made in good faith, but can be lost upon a showing of malice on the part of the defendant. *Government Micro Res., Inc. v. Jackson*, 271 Va. 29, 43 (2006). Common-law malice is "behavior actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made," *Gazette v. Harris*, 229 Va. 1, 36–37 (1985), and the plaintiff has the burden of proving malice to rebut a qualified privilege, *Spencer v. Looney*, 116 Va. 767, 774 (1914).

The publication of pleadings is protected as to a defamation action if the pleadings were public records at the time of publication. *Burns v. Van Metre Constr., Inc.*, 23 Va. Cir. 489, 489 (1991). The Supreme Court of Virginia has held:

> The publication of public records to which everyone has a right of access is privileged. While it has been held that the incorrectness of the record does not necessarily destroy the privilege, as a general rule, the privilege requires that the article be a fair and accurate account of transcript of the record; and if one publishes an extract from a public document he is responsible if he has not correctly extracted it, or if it has not been correctly copied.

*Times-Dispatch Publ'g Co. v. Zoll*, 148 Va. 850, 857–58 (1927) (quoting 36 *Corpus Juris*, § 265½, p. 1275); *see also Alexandria Gazette Corp. v. West*, 198 Va. 154, 159 (1956) ("[T]he publication [must be] a fair and substantially correct statement of the transcript of the record."). The Court notes that the Defendants in *Times-Dispatch* and *Alexandria Gazette* were the newspaper companies that published the alleged defamatory statements, rather than those persons who made the statements available to the newspaper for publication. Because Theuer faxed the reporter exact copies of the complaint, the publication is, of course, an accurate account of the record. When Theuer sent copies of the complaints to the reporter, the civil complaint had been filed with the court and the EEOC complaints with the EEOC, making each a public record at the time of publication. Had Theuer faxed the reporter a summary, or even an excerpt, of the complaint, the privilege may have been defeated. However, an exact copy of the

complaint, in its entirety and without supplemental commentary, is, by its nature, an accurate account of the document. Accordingly, the Court holds that Theuer's republication of the complaint to a reporter is protected by a qualified privilege.

When a qualified privilege applies, the person claiming to have been defamed has the burden of proving the existence of malice. *Story v. Norfolk-Portsmouth Newspapers, Inc.*, 202 Va. 588, 590–91 (1961). The plaintiff must demonstrate that the defendant acted with actual malice at the time of publication, or that the defendant acted with a "sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff," or that the defendant acted "with such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of the plaintiff." *Preston v. Land*, 220 Va. 118, 120–21 (1979) (quoting *Chesapeake Ferry Co. v. Hudgins*, 155 Va. 874, 902 (1931)). If the plaintiff is unable to offer sufficient evidence to prove actual malice on the part of the defendant, his claim must fail. *Story*, 202 Va. at 590–91.

Though the Court recognizes that it is merely persuasive authority, it finds the facts of *Northern Virginia Board of Realtors, Inc. v. Maher* similar to those of the present case. 4 Va. Cir. 418 (1975). In *Maher*, a case heard before Judge Charles S. Russell, Plaintiffs alleged that Defendant committed slander when he provided the substance of a Bill of Complaint to members of the media after having filed the complaint with the court. *Id.* at 418. Even though Plaintiffs admitted that the alleged defamatory statements contained in the original complaint were absolutely privileged and that republication of the statements to the media "did not depart from or expand upon the content" of the complaint, they argued that republication of the complaint's content was, at best, protected by a qualified privilege that could be defeated upon a showing of malice. *Id.* Acknowledging that the defendant's original publication of the statements in the filed complaint, as well as the ultimate publication of the same by the media, fell under an absolute privilege, Judge Russell held: "[A]ny republication of the allegedly defamatory material contained in the Fairfax judicial proceedings, by the Defendant's communication of the same to the news media, fell only under ·a qualified privilege which was lost if actuated by malice, either actual or implied." *Id.* at 421. Ultimately, Judge Russell overruled the Defendant's demurrer and limited the trial to the sole issue of whether republication of the alleged defamatory material to the media was "actuated by malice, either actual or implied." *Id.* In sum, in both *Maher* and the present case, republication of the alleged defamatory statements did not depart from or expand upon the content of the original complaints, and the defendants in each case filed the original complaint and later provided the alleged defamatory statements contained in those complaints to the media.

Two federal cases addressed allegations of defamation resulting from a plaintiff's republication of the complaint to unrelated third parties.

In *Asay v. Hallmark Cards, Inc.*, the Defendant had filed a counterclaim alleging defamation because the Plaintiff or his attorney sent copies of the complaint to several news services. 594 F.2d 692, 696 (8th Cir. 1979). The district court had stricken the defamation claim, holding that the Plaintiff's republication of the complaint to the media was absolutely immune from a defamation claim since it was a communication made in the course of a judicial proceeding. *Id.* at 696–97. The Eighth Circuit noted that, when determining whether an absolute privilege applies, a key factor is often "to whom the matter is published" and that "[p]ublication to the news media is not ordinarily sufficiently related to a judicial proceeding to constitute a privileged occasion." *Id.* at 697. The appellate court recognized that the pleading itself was absolutely privileged; however, the court held that "th[e] pleading cannot be a predicate for dissemination of the defamatory matter to the public or third parties not connected with the judicial proceeding" because then "to cause great harm and mischief a person need only file false and defamatory statements as judicial pleadings and then proceed to republish the defamation at will under the cloak of immunity." *Id.* at 698. The Eighth Circuit reversed the district court's decision to strike the defamation claim, holding that an absolute privilege does not protect "the dissemination of a complaint to news services." *Id.* at 699.

Similarly, in *Associates Financial Services Co. v. Bowman, Heintz, Boscia, & Vician, P.C.*, the Defendants filed a counterclaim against the Plaintiff, alleging that the Plaintiff defamed them by including false statements in its complaint and then mailing a copy thereof to several of the Defendants' business associates. No. 99-1725, 2001 U.S. Dist. LEXIS 27874, at *26–27 (S.D. Ind. Apr. 25, 2001). Upon review of the Plaintiff's motion to dismiss the Defendants' counterclaim, the district court held that the alleged defamatory statements made in the complaint were absolutely privileged because they were "pertinent and made in the course of litigation," but that the Plaintiff's republication of the complaint to third parties unrelated to the litigation was not protected by an absolute privilege. *Id.* The district court stated: "[T]he absolute privilege is abrogated when the statements are not relevant and pertinent to the litigation or do not bear some relation thereto." *Id.* at *27. Because the mailing of the complaint was not absolutely privileged, the district court denied the Plaintiff's motion to dismiss the counterclaim, noting that to "dismiss[] that portion of the defamation at this stage would be improper." *Id.* at *27–28.

In the action at bar, Plaintiff's complaint includes various allegations of malice. (*See, e.g.*, Compl. ¶¶ 55–64.) As already discussed, the Defendant produced exact copies of the civil complaint and the EEOC complaints, each a public record, to a reporter. The Court questions whether Plaintiff has sufficiently alleged actual or implied malice, since the Court fails to grasp how Theuer's publication of the complaints in this manner differs from a situation in which a reporter learns independently that a complaint has

been filed and thereafter obtains a copy from the courthouse. Nevertheless, because a demurrer, unlike a motion for summary judgment, merely tests the legal sufficiency of the complaint, *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131–32 (2003), and the general rule that the question of whether a defendant acted with malice sufficient to overcome a privilege is normally a question of fact for the jury, *Alexandria Gazette Corp. v. West*, 198 Va. 154, 160 (1956), the Court will overrule the demurrer.

## Conclusion

In sum, Theuer's republication of the complaint was protected by a qualified privilege that may be defeated upon a showing of malice. Whether the Defendant acted with malice is, in this action's present posture, an issue of fact to be decided by the jury. Accordingly, the Court will overrule the Defendants' demurrer.